

**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**

**OFFICE OF THE CLERK**
**501 "I" Street**
**Sacramento, CA 95814**

Northern District of California
450 Golden Gate Ave.
16th Floor
San Francisco, CA 94102

FILED
FEB 4 2008
CLERK, RICHARD W. WIEKING
NORTHERN U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA

**RE:        UNICO SERVICES INC. vs.  UNITED STATES OF AMERICA**
**USDC No.:    2:07–CV–01009–MCE–KJM**

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated
January 31, 2008 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 31.**

Documents maintained electronically by the district court are accessible through
PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please <u>acknowledge</u> receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

**January 31, 2008**        /s/  **J. Anderson**

Deputy Clerk

RECEIVED BY:        HELEN L. ALMACEN

Please Print Name

DATE RECEIVED:        **FEB  4 2008**

NEW CASE
NUMBER:        **CV 08        0800        SC**

*E-filing*

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNICO SERVICES INC.,
                                    No. 2:07-CV-1009-MCE-KJM
12          Plaintiff,

13      v.                          MEMORANDUM AND ORDER

14  THE UNITED STATES OF
    AMERICA,
15
            Defendant.
16

17                         ----ooOoo----

18

19      On May 29, 2007, Unico Services, Inc. filed the instant tax

20  refund suit for federal employment taxes, penalties and interest.

21  On November 16, 2007, the United States filed a Counterclaim for

22  unpaid federal employment taxes and statutory additions for other

23  time periods as well as to reduce to judgement corporate income

24  tax liabilities.

25      On December 12, 2006, Dean Gordon Potter filed a voluntary

26  Chapter 11 petition with the United States Bankruptcy Court,

27  Northern District of California.

28  ///

1

I herby certify that the annexed
instrument is a true and correct copy of
the original on file in my office.
ATTEST: **VICTORIA C. MINOR**
Clerk, U. S. District Court
Eastern District of California
By _____ Deputy Clerk
Dated __1/31/08__

1  At all relevant times, Potter was allegedly Unico's President,
2  majority shareholder, and key employee. Per the Motion to
3  Transfer, immediately before he implemented an Offshore
4  Employment Leasing arrangement, ("OEL") Potter owned, directly or
5  indirectly, 100 percent of Unico's stock. The Motion to Transfer
6  also alleges Potter is currently the sole shareholder of Unico.

7      On April 9, 2007, Potter filed an Adversary Complaint in a
8  bankruptcy case against the United States seeking a refund of
9  income taxes with respect to Potter's 1998 income tax year. On
10 or about June 28, 2007, Potter filed in his bankruptcy case an
11 Objection to Claim of the Internal Revenue Service. Collectively
12 the Objection to Claim and the Adversary Complaint will be
13 referred to as the "Potter Federal Tax Disputes."

14     On September 7, 2007, the United States filed with the
15 Bankruptcy Court a Motion to Withdraw Reference and to Transfer
16 Venue of the Potter Federal Tax Disputes to this Court. The
17 Motion ultimately sought to have the Potter Federal Tax Disputes
18 tried in conjunction with the refund case pending before this
19 Court. The United States' Motion was referred to the District
20 Court. The District Court entered an order granting the United
21 States' Motion to Withdraw the reference to the Potter Federal
22 Tax Disputes but denying, without prejudice, the transfer of the
23 Potter Federal Tax Disputes to this Court based on deference to
24 the debtor's choice of forum.

25     The United States now seeks to transfer venue of this case
26 to the Northern District of California.

27 ///

28 ///

2

1 | Plaintiff has filed a Notice of Non-opposition to this Motion.[1]
2 | Further, the Northern District Court recommended the United
3 | States seek to have this case transferred.

4 |     In a civil action brought by a corporation against the United
5 | States, venue is proper in the judicial district in which the
6 | corporation's principal place of business is located.  28 U.S.C.
7 | § 1402(a)(2).  Unico's principal place of business is in Benicia,
8 | California, which is in the Eastern District.  Section 1402(a)(2)
9 | also provides that "a district court, for the convenience of the
10 | parties and witnesses, in the interest of justice, may transfer
11 | any such action to any other district or division."

12 |     The Court finds that the interest of justice will be better
13 | served if this case and the Potter Federal Tax Disputes are
14 | resolved in one forum.  The Court finds this will eliminate the
15 | danger of inconsistent rulings and serve the interests of judicial
16 | economy.  In view of Unico's Notice of Non-opposition to this
17 | Motion to Transfer, the Motion to Transfer is hereby GRANTED.

18 |     IT IS SO ORDERED.

19 | Dated: January 30, 2008

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

27 |    [1] Because oral argument will not be of material assistance,
the Court orders this matter submitted on the briefs.  E.D. Cal.
28 | Local Rule 78-230(h).

3

CIVIL, CLOSED

## U.S. District Court
## Eastern District of California - Live System (Sacramento)
## CIVIL DOCKET FOR CASE #: 2:07-cv-01009-MCE-KJM
## Internal Use Only

UNICO Services Inc. v. United States of America
Assigned to: Judge Morrison C. England, Jr
Referred to: Magistrate Judge Kimberly J. Mueller
Cause: 28:1346 Recovery of IRS Tax

Date Filed: 05/29/2007
Date Terminated: 01/31/2008
Jury Demand: None
Nature of Suit: 870 Taxes
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**UNICO Services Inc.**

represented by **John Gigounas**

Simpson & Gigounas
100 Pine Street, Ste 750
San Francisco, CA 94111
(415) 391-4900
Fax: (415) 296-7894
Email: john@gigounaslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States of America**

represented by **Guy Patrick Jennings**

United States Department of Justice
P.O. Box 683
Washington, DC 20044
(202) 307-6648
Fax: (202) 307-0054
Email: Guy.P.Jennings@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adair Ford Boroughs**

U.S. Department of Justice
Ben Franklin Station
P.O. Box 683
Washington, DC 20044
(202) 305-7546
Fax: (202) 307-0054
Email: adair.f.boroughs@usdoj.gov

I herby certify that the annexed
instrument is a true and correct copy of
the original on file in my office.
ATTEST: VICTORIA C. MINOR

Clerk, U. S. District Court
Eastern District of California

By _____
                    Deputy Clerk

Dated _____

*ATTORNEY TO BE NOTICED*

**Paul S. Ham**
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC 20044-0683
(202) 307-6421
Fax: (202) 307-0054
Email: paul.s.ham@usdoj.gov
*TERMINATED: 12/27/2007*

**Counter Claimant**

**United States of America**                     represented by **Guy Patrick Jennings**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul S. Ham**
(See above for address)
*TERMINATED: 12/27/2007*

V.

**Counter Defendant**

**UNICO Services Inc.**                          represented by **John Gigounas**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/29/2007 | ❶ 1 | CIVIL COVER SHEET by UNICO Services Inc. (Gigounas, John) (Entered: 05/29/2007) |
| 05/29/2007 | ❷2 | COMPLAINT against United States of America by UNICO Services Inc.. Attorney Gigounas, John added. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5)(Gigounas, John) (Entered: 05/29/2007) |
| 05/29/2007 | ❸3 | SUMMONS by UNICO Services Inc. as to United States of America. (Gigounas, John) Modified on 5/30/2007 (Mena-Sanchez, L). (Entered: 05/29/2007) |
| 05/29/2007 | ❹ | (Court only) SUBMISSION of CREDIT CARD INFORMATION for Civil Complaint Filing Fee in the amount of $350.00; Type of Credit Card: American Express Name as it appears on Credit Card: John Gigounas Contact Telephone Number: 415-391-4900 Street: 840 Stony Hill Road Zip code: 94920 |

| | | Credit Card Number: xxxx-xxxx-xxxx-xxxx<br>Expiration Date: xx/xx<br>Security Code: xxx<br>(Gigounas, John) (Entered: 05/29/2007) |
|---|---|---|
| 05/30/2007 | ●4 | (Court only) PROCESS CREDIT CARD (Mena-Sanchez, L) (Entered: 05/30/2007) |
| 05/30/2007 | ● | (Court only) SUBMISSION of CREDIT CARD INFORMATION for Civil Complaint Filing Fee in the amount of $350.00;<br>Type of Credit Card: American Express<br>Name as it appears on Credit Card: John Gigounas<br>Contact Telephone Number: 415-391-4900<br>Street: 840 Stony Hill Road<br>Zip code: 94920<br>Credit Card Number: xxxx-xxxx-xxxx-xxxx<br>Expiration Date: xx/xx<br>Security Code: xxx<br>(Gigounas, John) (Entered: 05/30/2007) |
| 05/30/2007 | ●5 | (Court only) PROCESS CREDIT CARD (Mena-Sanchez, L) (Entered: 05/30/2007) |
| 05/30/2007 | ● | RECEIPT number 205 13279 for $350.00 for New Case Filing from John Gigounas. (Mena-Sanchez, L) (Entered: 05/30/2007) |
| 05/30/2007 | ●6 | SUMMONS ISSUED as to *United States of America* with answer to complaint due within *60* days. Attorney *JOhn Gigounas* *Simpson & Gigounas* *100 Pine Street, Suite 750* *San Francisco, CA 94111*. (Mena-Sanchez, L) (Entered: 05/30/2007) |
| 05/30/2007 | ●7 | CIVIL NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 Consent to Magistrate# 2 VDRP) (Mena-Sanchez, L) (Entered: 05/30/2007) |
| 06/06/2007 | ●8 | SUMMONS RETURNED EXECUTED by UNICO Services Inc.. United States of America served on 6/5/2007, answer due 8/6/2007. (Gigounas, John) (Entered: 06/06/2007) |
| 07/09/2007 | ●9 | NOTICE of Unavailability of Counsel by UNICO Services Inc. (Gigounas, John) Modified on 7/11/2007 (Duong, D). (Entered: 07/09/2007) |
| 08/06/2007 | ●10 | REQUEST for *an Extension of Time to Answer and to File Joint Status Report (Unopposed)* by United States of America. Attorney Ham, Paul S. added. (Ham, Paul) (Entered: 08/06/2007) |
| 08/06/2007 | ●11 | PROPOSED ORDER re 10 Request - ATY by United States of America. (Ham, Paul) (Entered: 08/06/2007) |
| 08/07/2007 | ●12 | DECLINE to PROCEED BEFORE US MAGISTRATE JUDGE by UNICO Services Inc.. (Gigounas, John) (Entered: 08/07/2007) |
| 08/08/2007 | ●13 | ORDER signed by Judge Morrison C. England Jr. on 8/7/07 GRANTING 10 Request and directs the United States shall have up to and including |

| 12/21/2007 | ●26 | EXHIBIT *B* re 22 MOTION to CHANGE VENUE filed by United States of America. (Boroughs, Adair) (Entered: 12/21/2007) |
| 12/21/2007 | ●27 | CERTIFICATE of SERVICE by United States of America re 23 Memorandum/Response in Support of Motion, 25 Exhibit - R, 24 , 22 MOTION to CHANGE VENUE, 26 Exhibit - R, 21 Notice of Appearance - ATY. (Boroughs, Adair) (Entered: 12/21/2007) |
| 12/21/2007 | ●28 | NOTICE by UNICO Services Inc. re 22 MOTION to CHANGE VENUE. *Notice of Non-Opposition* (Attachments: # 1 Certificate Certificate of Service)(Gigounas, John) (Entered: 12/21/2007) |
| 12/27/2007 | ●29 | NOTICE of Errata by United States of America re 23 Memorandum/Response in Support of Motion. (Attachments: # 1 Certificate of Service)(Boroughs, Adair) Modified on 12/27/2007 (Kastilahn, A). (Entered: 12/27/2007) |
| 01/23/2008 | ●30 | MINUTE ORDER (Text Only): On the Court's own motion and pursuant to Local Rule 78-230(h), the Defendant's Motion to Transfer 22 , scheduled for hearing on 1/25/2008, is submitted without oral argument. The hearing date of 1/25/2008 is vacated. If the Court determines that oral argument is needed, it will be scheduled at a later date.Signed by Judge Morrison C. England, Jr on 1/23/2008. (Deutsch, S) (Entered: 01/23/2008) |
| 01/31/2008 | ●31 | ORDER signed by Judge Morrison C. England, Jr on 1/30/08 GRANTING 22 MOTION to CHANGE VENUE. Case transfered to the Northern District of California. CASE CLOSED. (Anderson, J) Modified on 1/31/2008 (Anderson, J). (Entered: 01/31/2008) |
| 01/31/2008 | ● | (Court only) ***CASE TERMINATED. CASE CLOSED pursuant to 31 Order. (Anderson, J) (Entered: 01/31/2008) |
| 01/31/2008 | ●32 | TRANSMITTAL of DOCUMENTS re 31 Order on *1/31/2008* to * Northern District of California* *450 Golden Gate Ave.* *16th Floor* *San Francisco, CA 94102*. *Electronic Documents: 1 to 31. *. (Anderson, J) (Entered: 01/31/2008) |



STATES DISTRICT COURT
N DISTRICT OF CALIFORNIA
OF THE CLERK
REET, SUITE 4-200
1ENTO, CA 95814-2322

1USINESS



049J82023891

$01.14⁰
01/31/2008
Mailed From   9581
US POSTAGE



TRANSFER

**RECEIVED**

FEB – 1 2008

**RICHARD W. WIEKING**
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| UNICO SERVICES INC. | UNITED STATES OF AMERICA |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| John Gigounas<br>John Gigounas<br>100 Pine Street, Suite 750<br>San Francisco, CA 94111<br>(415) 391-4900 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No    **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §1346(a)(1); 26 U.S.C. §7422

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litig. |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | **FORFEITURE/PENALTY** | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 220 Foreclosure | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 240 Torts to Land | | | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number: _____ .

1   John Gigounas  SBN (42822)
    Gerald A. Holmes SBN (59515)
2   100 Pine Street, Suite 750
    San Francisco, CA 94111
3   Telephone: (415) 391-4900
    Facsimile: (415) 296-7894
4   john@gigounaslaw.com

5

6   Attorneys for UNICO Services Inc.

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNICO SERVICES INC.,                )   CIVIL ACTION NO.
                                        )
12              Plantiff,               )
                                        )   **COMPLAINT**
13          v.                          )
                                        )
14  UNITED STATES OF AMERICA,           )
                                        )
15              Defendant.              )
                                        )
16                                      )
                                        )
17  _____ )

18

19          Plaintiff, UNICO SERVICES INC., (UNICO) alleges as follows:

20          1.      This is an action for refund of Federal employment taxes, penalties, and interest,

21  erroneously assessed and collected by Defendant.

22          2.      Plaintiff is a corporation with its principal place of business located in Benicia,

23  California and mailing address of P.O. Box 887, 94510-0887.

24          3.      Defendant is the United States of America.

25          4.      Jurisdiction is conferred on this Court by Title 28, United States Code, Section

26  1346(a)(1) and 26, United States Code, Section 7422.

27          5.      The refund of taxes, penalties, and interest relates to the Federal employment tax

28  returns of Plaintiff, Forms 941, for the tax periods ended June 30, 2000, September 30, 2000,

*Law Offices of*
*Simpson & Gigounas*
*100 Pine Street #750*
*San Francisco, CA 94111*
*(415) 391-4900*

**COMPLAINT**

1

December 31, 2000, and September 30, 2001.  Such tax returns were timely filed by Plaintiff with the Internal Revenue Service.

6.    Defendant caused Plaintiff to involuntarily pay the full amount of tax erroneously alleged by Defendant for the tax periods ended June 30, 2000, September, 30, 2000, December 31, 2000, and September 30, 2001.

7.    Defendant issued an Employment Tax Examination Changes Report determining a deficiency in employment tax and penalties for the tax periods ended June 30, 2000, September 30, 2000, December 31, 2000, and September 30, 2001, in the amounts set forth below.

| Taxable Year Ended | Deficiency | Penalty §6662(a) | Penalty §6656 |
|---|---|---|---|
| June 30, 2000 | $71,248.80 | $14,249.76 | $762.44 |
| September 30, 2000 | $61,800.00 | $12,360.00 | $290.00 |
| December 31, 2000 | $40,788.00 | $8,157.60 | $191.40 |
| September 30, 2001 | $3,690.88 | $814.63 | $19.11 |

8.    Defendant placed tax liens on all property of the Plaintiff.

9.    On April 12, 2005, Defendant levied upon a portion of a payment due to Plaintiff from a Federal administrative agency and collected $4,689.88, which Defendant applied to the period ending June 30, 2000.

10.    On or about June 14, 2005, Defendant levied on the operating bank account of Plaintiff and collected the remaining amount of assessed tax and penalties for the relevant periods as set forth at paragraph 7, plus interest, in the amount of $288,808.17.

11.    Plaintiff paid the full amount of tax deficiency assessed by Defendant for the period ending September 30, 2001, plus an additional amount, the total being equal to $4,073.15.

12.    Plaintiff filed Forms 843, "Claim for Refund and Request for Abatement" with the Internal Revenue Service claiming refunds in the amounts of $122,778.75, $103,677.03, $67,042.27, $4,073.15 for the periods ending June 30, 2000, September 30, 2000, December 31, 2000, and September 30, 2001, respectively.  True and correct copies of these claims for refund are attached to the Complaint as Exhibits 1, 2, 3, and 4, respectively.

13.    By notice of disallowance dated September 22, 2005, the Internal Revenue Service notified Plaintiff that the Internal Revenue Service had disallowed in full the claims for

Law Offices of
Simpson & Gigounas
100 Pine Street #750
San Francisco, CA 94111
(415) 391-4900

2

COMPLAINT

1    refund for the periods ending June 30, 2000, September 30, 2000, December 31, 2000.  A true

2    and correct copy of the disallowance is attached as Exhibit 5.

3              14.     By notice of disallowance dated September 22, 2005, the Internal Revenue

4    Service notified Plaintiff that the Internal Revenue Service had disallowed in full the claim for

5    refund for the period ending September 30, 2001.  A true and correct copy of the disallowance is

6    attached as Exhibit 6.

7              15.     As grounds for recovery, Plaintiff hereby incorporates by reference the facts and

8    grounds contained in Plaitniff's claims for refund attached hereto on Exhibits 1 through 4.

9              16.     Plaintiff made payments to Dean Gordon Potter which were disallowed by the

10   Internal Revenue Service, but the defendant is still alleging that withholding taxes are due on

11   such payments, even though employment taxes are only due on salary payments.

12             17.     The assessment and collection of the above-described taxes and penalties were

13   erroneous and illegal.

14             18.     Plaintiff is the sole and absolute owner of the claims stated herein and has made

15   no transfer or assignment of any part thereof.

16             19.     Plaintiff is entitled to refund of all employment taxes and penalties.

17             WHEREFORE, Plaintiff prays for judgment against the United States in the amounts

18   collected for taxes and penalties and interest thereon as follows:

19             Period ending June 30, 2000 - $122,778.75

20             Period ending September 30, 2000 - $103,677.03

21             Period ending December 31, 2000 - $67,042.27

22             Period ending September 30, 2001 - $4,073.15

23             Plus statutory interest thereon as provided by law and such other and further relief,

24   including reimbursement of attorneys fees and other costs, as may be just and proper.

25

26   Date:   May 29, 2007                              /s/ John Gigounas
                                                       John Gigounas
27                                                     Attorney for UNICO Services Inc.

28

Law Offices of
Simpson & Gigounas
100 Pine Street #750
San Francisco, CA 94111
(415) 391-4900

3

COMPLAINT

| Form **843** | Claim for Refund and Request for Abatement | OMB No. 1545-0024 |
|---|---|---|

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

► See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*
**Do not** *use Form 843 if your claim is for—*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| Name of claimant | Your SSN or ITIN |
|---|---|
| UNICO SERVICES INC. | |
| Address (number, street, and room or suite no.) | Spouse's SSN or ITIN |
| PO BOX 887 | |
| City or town, state, and ZIP code | Employer identification number (EIN) |
| BENICIA, CA 94510-0887 | 95 : 2885601 |
| Name and address shown on return if different from above | Daytime telephone number |
| | ( ) |

**1** Period. Prepare a separate Form 843 for each tax period
From **04 / 01 / 2000** to **06 / 30 / 2000**

**2** Amount to be refunded or abated
$ *122,778.75*

**3a** Type of tax, penalty, or addition to tax:
☑ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
☐ Penalty—IRC section ► _____
**b** Type of return filed (see instructions):
☐ 706   ☐ 709   ☑ 940   ☐ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.
**b** Dates of payment ►

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

SEE ATTACHED RIDER

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

| D Gordon Potter, Vice President | 7-23-05 |
|---|---|
| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) | Date |
| Signature | Date |

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 10180R    Form **843** (Rev. 11-2002)


EXHIBIT

D. Gordon Potter is an individual with expertise in the mechanical engineering industry particularly with respect to the assembly, repair, servicing and reinstallation of pumps, gearboxes and other rotating equipment commonly used in the oil refining and chemical industries. During the year at issue, D. Gordon Potter entered into an employment contract and relationship with Pixley Services Limited, a company based in Dublin, Ireland. The rights obtained by Pixley Services Limited from the employment relationship with D. Gordon Potter were transferable in part. Pixley Services Limited transferred certain rights to the employment services of Dean D. Gordon Potter to Release Me, Inc., a company engaged in the business of employee leasing and employee temporary services. Thus, D. Gordon Potter became an employee of Release Me, Inc. during the year at issue. Release Me, Inc. contracted with Unico Services, Inc. to provide skilled labor. Pursuant to this contractual relationship with Pixley Services Limited, Release Me, Inc. paid to Pixley Services Limited a contractual price for the purchase of certain rights to the employment services of D. Gordon Potter. As part of the contract between Unico Services, Inc. and Release Me, Inc., Release Me, Inc. provided the services of D. Gordon Potter. While providing services to Unico Services, Inc., D. Gordon Potter worked on multiple business projects.

Unico Services, Inc. made periodic payments to Release Me, Inc., pursuant to the skilled labor contract discussed above, and Release Me, Inc. included these amounts on its income tax return. Release Me, Inc., in turn, paid substantial wages to D. Gordon Potter and paid the employer's portion of the employment tax pursuant to the Potter's contractual rights set forth in the employment contract with Pixley Services Limited, which had been assigned to Release Me, Inc. D. Gordon Potter included these wages in income and paid income tax and the employee's portion of the employment tax, accordingly.

Pursuant to the contractual employment agreement of Pixley Services Limited and D. Gordon Potter, Pixley established and funded a non-vested, retirement plan for the future benefit of D. Gordon Potter. The non-vested, retirement plan was equivalent to a revocable trust that was subject to the creditors of Pixley Services Limited. The non-vested, retirement plan is a non-transferable plan, and D. Gordon Potter has no immediate right to receive the benefits of the non-vested, retirement plan. Therefore, the contribution made by Pixley Services Limited for the future benefit of D. Gordon Potter constitutes deferred compensation, which is not includable as wages or income of D. Gordon Potter until a future date when the retirement plan vests and disbursement are available to D. Gordon Potter. *See* I.R.C. §§ 83, 451. Therefore, Unico Services, Inc. is not liable for the employer's portion of employment tax on the amounts paid by Unico Services, Inc. to Release Me, Inc. in excess of the amounts paid by Release Me, Inc. to D. Gordon Potter.

*The Form of the Transaction Must Be Respected*

The Commissioner erroneously asserts that the above transaction lacks economic substance, and the above transaction should be disregarded and re-written for federal tax purposes. The Commissioner, instead of respecting the form, desires to treat the

transaction as a direct employer-employee relationship between D. Gordon Potter and Unico Services, Inc. Thus, the Commissioner alleges that Unico Services, Inc. must pay the employer's portion of employment tax, during the period at issue, on the full amount of payments from Unico Industrial Services, Inc. to the unrelated employee leasing company, Release Me, Inc.

The Commissioner's assertion that the transaction lacks economic substance and should be disregarded and re-written is in direct conflict with relevant case law. In Coltec Industries Inc. v. United States, 62 Fed. Cl. 716 (2004), the Court ruled that a similar arrangement was valid, in which a company transferred contingent liabilities associated with asbestos claims against a subsidiary to an entity the company created and then sold at a loss. In so ruling, the Court stated, "[W]here a taxpayer has satisfied all the statutory requirements established by Congress, as Coltec did in this case, the use of the 'economic substance' doctrine to trump 'mere compliance with the code' would violate the separation of powers…." See also TIFD III-E, Inc. v. United States, 342 F. Supp. 94 (D.Conn. 2004).

The transaction set forth above satisfies the plain language of the statutory requirements set forth in I.R.C. §§ 83, 451. Therefore, pursuant to Coltec and TIFD III-E, the economic substance doctrine does not apply, and the transaction set forth above must be respected, may not be disregarded, and may not be re-written.

*Penalties Do Not Apply*

If it is ultimately concluded that Unico Services, Inc. is not entitled to a refund of the tax in the case at hand, penalties do not apply in this case. Where a taxpayer takes a position that has a reasonable basis in law and fact, neither the negligence penalty nor the substantial understatement penalty shall apply. I.R.C. § 6662. Under Treas. Reg. § 1.6662-3(b)(3), a return position is reasonable where based on one or more of the authorities listed in Treas. Reg. § 1.6662-4(d)((3)(iii). As set forth above, the plain language of the statutes and published case law supports the return position of Unico Services, Inc.. The issues in this case represent a previously untested, complicated area of the tax law that is subject to multiple reasonable interpretations. Therefore, no penalties should attach.

Moreover, the reasonable cause and good faith exception in Treas. Reg. § 1.6664-4 may relieve taxpayers from liability from penalties even if the return position does not satisfy the reasonable basis standard. Reasonable cause is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney. United States v. Boyle, 469 U.S. 241 (1985). In the case at hand, taxpayer relied upon the advice of competent accountants and attorneys, and, therefore, satisfies the reasonable cause exception.

For the above stated reasons, Unico Services, Inc. respectfully requests that the Commissioner grant it a refund of taxes paid during the year at issue and reverse the assessment of penalties and interest.

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.
**Do not** use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | |
|---|---|
| Name of claimant **UNICO SERVICES INC.** | Your SSN or ITIN |
| Address (number, street, and room or suite no.) **PO BOX 887** | Spouse's SSN or ITIN |
| City or town, state, and ZIP code **BENICIA, CA 94510-0887** | Employer identification number (EIN) **95:2885601** |
| Name and address shown on return if different from above | Daytime telephone number ( ) |

**1**  Period. Prepare a separate Form 843 for each tax period
From **06 / 30 / 2000** to **09 / 30 / 2000**

**2**  Amount to be refunded or abated
$ **103,677.03**

**3a**  Type of tax, penalty, or addition to tax:
☑ Employment  ☐ Estate  ☐ Gift  ☐ Excise (see instructions)
☐ Penalty—IRC section ▶
**b**  Type of return filed (see instructions):
☐ 706  ☐ 709  ☐ 940  ☑ 941  ☐ 943  ☐ 945  ☐ 990-PF  ☐ 4720  ☐ Other (specify)

**4a**  Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.
**b**  Dates of payment ▶

**5**  **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

SEE ATTACHED RIDER

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)    Date  7-23-05

Signature    Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 10180R    Form **843** (Rev. 11-2002)

EXHIBIT 2

D. Gordon Potter is an individual with expertise in the mechanical engineering industry particularly with respect to the assembly, repair, servicing and reinstallation of pumps, gearboxes and other rotating equipment commonly used in the oil refining and chemical industries. During the year at issue, D. Gordon Potter entered into an employment contract and relationship with Pixley Services Limited, a company based in Dublin, Ireland. The rights obtained by Pixley Services Limited from the employment relationship with D. Gordon Potter were transferable in part. Pixley Services Limited transferred certain rights to the employment services of Dean D. Gordon Potter to Release Me, Inc., a company engaged in the business of employee leasing and employee temporary services. Thus, D. Gordon Potter became an employee of Release Me, Inc. during the year at issue. Release Me, Inc. contracted with Unico Services, Inc. to provide skilled labor. Pursuant to this contractual relationship with Pixley Services Limited, Release Me, Inc. paid to Pixley Services Limited a contractual price for the purchase of certain rights to the employment services of D. Gordon Potter. As part of the contract between Unico Services, Inc. and Release Me, Inc., Release Me, Inc. provided the services of D. Gordon Potter. While providing services to Unico Services, Inc., D. Gordon Potter worked on multiple business projects.

Unico Services, Inc. made periodic payments to Release Me, Inc., pursuant to the skilled labor contract discussed above, and Release Me, Inc. included these amounts on its income tax return. Release Me, Inc., in turn, paid substantial wages to D. Gordon Potter and paid the employer's portion of the employment tax pursuant to the Potter's contractual rights set forth in the employment contract with Pixley Services Limited, which had been assigned to Release Me, Inc. D. Gordon Potter included these wages in income and paid income tax and the employee's portion of the employment tax, accordingly.

Pursuant to the contractual employment agreement of Pixley Services Limited and D. Gordon Potter, Pixley established and funded a non-vested, retirement plan for the future benefit of D. Gordon Potter. The non-vested, retirement plan was equivalent to a revocable trust that was subject to the creditors of Pixley Services Limited. The non-vested, retirement plan is a non-transferable plan, and D. Gordon Potter has no immediate right to receive the benefits of the non-vested, retirement plan. Therefore, the contribution made by Pixley Services Limited for the future benefit of D. Gordon Potter constitutes deferred compensation, which is not includable as wages or income of D. Gordon Potter until a future date when the retirement plan vests and disbursement are available to D. Gordon Potter. *See* I.R.C. §§ 83, 451. Therefore, Unico Services, Inc. is not liable for the employer's portion of employment tax on the amounts paid by Unico Services, Inc. to Release Me, Inc. in excess of the amounts paid by Release Me, Inc. to D. Gordon Potter.

*The Form of the Transaction Must Be Respected*

The Commissioner erroneously asserts that the above transaction lacks economic substance, and the above transaction should be disregarded and re-written for federal tax purposes. The Commissioner, instead of respecting the form, desires to treat the

transaction as a direct employer-employee relationship between D. Gordon Potter and Unico Services, Inc. Thus, the Commissioner alleges that Unico Services, Inc. must pay the employer's portion of employment tax, during the period at issue, on the full amount of payments from Unico Industrial Services, Inc. to the unrelated employee leasing company, Release Me, Inc.

The Commissioner's assertion that the transaction lacks economic substance and should be disregarded and re-written is in direct conflict with relevant case law. In Coltec Industries Inc. v. United States, 62 Fed. Cl. 716 (2004), the Court ruled that a similar arrangement was valid, in which a company transferred contingent liabilities associated with asbestos claims against a subsidiary to an entity the company created and then sold at a loss. In so ruling, the Court stated, "[W]here a taxpayer has satisfied all the statutory requirements established by Congress, as Coltec did in this case, the use of the 'economic substance' doctrine to trump 'mere compliance with the code' would violate the separation of powers...." See also TIFD III-E. Inc. v. United States, 342 F. Supp. 94 (D.Conn. 2004).

The transaction set forth above satisfies the plain language of the statutory requirements set forth in I.R.C. §§ 83, 451. Therefore, pursuant to Coltec and TIFD III-E, the economic substance doctrine does not apply, and the transaction set forth above must be respected, may not be disregarded, and may not be re-written.

*Penalties Do Not Apply*

If it is ultimately concluded that Unico Services, Inc. is not entitled to a refund of the tax in the case at hand, penalties do not apply in this case. Where a taxpayer takes a position that has a reasonable basis in law and fact, neither the negligence penalty nor the substantial understatement penalty shall apply. I.R.C. § 6662. Under Treas. Reg. § 1.6662-3(b)(3), a return position is reasonable where based on one or more of the authorities listed in Treas. Reg. § 1.6662-4(d)((3)(iii). As set forth above, the plain language of the statutes and published case law supports the return position of Unico Services, Inc.. The issues in this case represent a previously untested, complicated area of the tax law that is subject to multiple reasonable interpretations. Therefore, no penalties should attach.

Moreover, the reasonable cause and good faith exception in Treas. Reg. § 1.6664-4 may relieve taxpayers from liability from penalties even if the return position does not satisfy the reasonable basis standard. Reasonable cause is established when a taxpayer shows that he reasonably relied on the advice of an accountant or attorney. United States v. Boyle, 469 U.S. 241 (1985). In the case at hand, taxpayer relied upon the advice of competent accountants and attorneys, and, therefore, satisfies the reasonable cause exception.

For the above stated reasons, Unico Services, Inc. respectfully requests that the Commissioner grant it a refund of taxes paid during the year at issue and reverse the assessment of penalties and interest.

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

**Do not** *use Form 843 if your claim is for—*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| | | |
|---|---|---|
| Name of claimant<br>UNICO SERVICES INC. | | Your SSN or ITIN |
| Address (number, street, and room or suite no.)<br>PO BOX 887 | | Spouse's SSN or ITIN |
| City or town, state, and ZIP code<br>BENICIA, CA 94510-0887 | | Employer identification number (EIN)<br>95 : 2885601 |
| Name and address shown on return if different from above | | Daytime telephone number<br>(      ) |

**1** Period. Prepare a separate Form 843 for each tax period
From  09 / 30 / 2000  to  12 / 31 / 2000

**2** Amount to be refunded or abated
$ 67,042.27

**3a** Type of tax, penalty, or addition to tax:
☑ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
☐ Penalty—IRC section ▶ _____

**b** Type of return filed (see instructions):
☐ 706   ☐ 709   ☐ 940   ☑ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

SEE ATTACHED RIDER

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

Signature (Title, if applicable. Claims by corporations must be signed by an officer.)   *Vice President*   Date  7-25-05

Signature _____   Date _____

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.   Cat. No. 10180R   Form **843** (Rev. 11-2002)

EXHIBIT 3

D. Gordon Potter is an individual with expertise in the mechanical engineering industry particularly with respect to the assembly, repair, servicing and reinstallation of pumps, gearboxes and other rotating equipment commonly used in the oil refining and chemical industries. During the year at issue, D. Gordon Potter entered into an employment contract and relationship with Pixley Services Limited, a company based in Dublin, Ireland. The rights obtained by Pixley Services Limited from the employment relationship with D. Gordon Potter were transferable in part. Pixley Services Limited transferred certain rights to the employment services of Dean D. Gordon Potter to Release Me, Inc., a company engaged in the business of employee leasing and employee temporary services. Thus, D. Gordon Potter became an employee of Release Me, Inc. during the year at issue. Release Me, Inc. contracted with Unico Services, Inc. to provide skilled labor. Pursuant to this contractual relationship with Pixley Services Limited, Release Me, Inc. paid to Pixley Services Limited a contractual price for the purchase of certain rights to the employment services of D. Gordon Potter. As part of the contract between Unico Services, Inc. and Release Me, Inc., Release Me, Inc. provided the services of D. Gordon Potter. While providing services to Unico Services, Inc., D. Gordon Potter worked on multiple business projects.

Unico Services, Inc. made periodic payments to Release Me, Inc., pursuant to the skilled labor contract discussed above, and Release Me, Inc. included these amounts on its income tax return. Release Me, Inc., in turn, paid substantial wages to D. Gordon Potter and paid the employer's portion of the employment tax pursuant to the Potter's contractual rights set forth in the employment contract with Pixley Services Limited, which had been assigned to Release Me, Inc. D. Gordon Potter included these wages in income and paid income tax and the employee's portion of the employment tax, accordingly.

Pursuant to the contractual employment agreement of Pixley Services Limited and D. Gordon Potter, Pixley established and funded a non-vested, retirement plan for the future benefit of D. Gordon Potter. The non-vested, retirement plan was equivalent to a revocable trust that was subject to the creditors of Pixley Services Limited. The non-vested, retirement plan is a non-transferable plan, and D. Gordon Potter has no immediate right to receive the benefits of the non-vested, retirement plan. Therefore, the contribution made by Pixley Services Limited for the future benefit of D. Gordon Potter constitutes deferred compensation, which is not includable as wages or income of D. Gordon Potter until a future date when the retirement plan vests and disbursement are available to D. Gordon Potter. *See* I.R.C. §§ 83, 451. Therefore, Unico Services, Inc. is not liable for the employer's portion of employment tax on the amounts paid by Unico Services, Inc. to Release Me, Inc. in excess of the amounts paid by Release Me, Inc. to D. Gordon Potter.

*The Form of the Transaction Must Be Respected*

The Commissioner erroneously asserts that the above transaction lacks economic substance, and the above transaction should be disregarded and re-written for federal tax purposes. The Commissioner, instead of respecting the form, desires to treat the

transaction as a direct employer-employee relationship between D. Gordon Potter and
Unico Services, Inc. Thus, the Commissioner alleges that Unico Services, Inc. must pay
the employer's portion of employment tax, during the period at issue, on the full amount
of payments from Unico Industrial Services, Inc. to the unrelated employee leasing
company, Release Me, Inc.

The Commissioner's assertion that the transaction lacks economic substance and should
be disregarded and re-written is in direct conflict with relevant case law. In Coltec
Industries Inc. v. United States, 62 Fed. Cl. 716 (2004), the Court ruled that a similar
arrangement was valid, in which a company transferred contingent liabilities associated
with asbestos claims against a subsidiary to an entity the company created and then sold
at a loss. In so ruling, the Court stated, "[W]here a taxpayer has satisfied all the statutory
requirements established by Congress, as Coltec did in this case, the use of the 'economic
substance' doctrine to trump 'mere compliance with the code' would violate the
separation of powers...." See also TIFD III-E, Inc. v. United States, 342 F. Supp. 94
(D.Conn. 2004).

The transaction set forth above satisfies the plain language of the statutory requirements
set forth in I.R.C. §§ 83, 451. Therefore, pursuant to Coltec and TIFD III-E, the
economic substance doctrine does not apply, and the transaction set forth above must be
respected, may not be disregarded, and may not be re-written.

*Penalties Do Not Apply*

If it is ultimately concluded that Unico Services, Inc. is not entitled to a refund of the tax
in the case at hand, penalties do not apply in this case. Where a taxpayer takes a position
that has a reasonable basis in law and fact, neither the negligence penalty nor the
substantial understatement penalty shall apply. I.R.C. § 6662. Under Treas. Reg.
§ 1.6662-3(b)(3), a return position is reasonable where based on one or more of the
authorities listed in Treas. Reg. § 1.6662-4(d)((3)(iii). As set forth above, the plain
language of the statutes and published case law supports the return position of Unico
Services, Inc.. The issues in this case represent a previously untested, complicated area
of the tax law that is subject to multiple reasonable interpretations. Therefore, no
penalties should attach.

Moreover, the reasonable cause and good faith exception in Treas. Reg. § 1.6664-4 may
relieve taxpayers from liability from penalties even if the return position does not satisfy
the reasonable basis standard. Reasonable cause is established when a taxpayer shows
that he reasonably relied on the advice of an accountant or attorney. United States v.
Boyle, 469 U.S. 241 (1985). In the case at hand, taxpayer relied upon the advice of
competent accountants and attorneys, and, therefore, satisfies the reasonable cause
exception.

For the above stated reasons, Unico Services, Inc. respectfully requests that the
Commissioner grant it a refund of taxes paid during the year at issue and reverse the
assessment of penalties and interest.

Form **843**
(Rev. November 2002)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

*Use Form 843 only if your claim involves (a) one of the taxes shown on line 3a or (b) a refund or abatement of interest, penalties, or additions to tax on line 4a.*

**Do not** *use Form 843 if your claim is for—*
- *An overpayment of income taxes;*
- *A refund for nontaxable use (or sales) of fuel; or*
- *An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.*

| Name of claimant | Your SSN or ITIN |
|---|---|
| UNICO SERVICES INC. | |
| Address (number, street, and room or suite no.) PO BOX 887 | Spouse's SSN or ITIN |
| City or town, state, and ZIP code BENICIA, CA 94510-0887 | Employer identification number (EIN) 95 : 2885601 |
| Name and address shown on return if different from above | Daytime telephone number ( ) |

**1** Period. Prepare a separate Form 843 for each tax period
From **07 / 01 / 2001** to **09 / 30 / 2001**

**2** Amount to be refunded or abated
$ **4073.15**

**3a** Type of tax, penalty, or addition to tax:
☑ Employment    ☐ Estate    ☐ Gift    ☐ Excise (see instructions)
☐ Penalty—IRC section ▶ _____

**b** Type of return filed (see instructions):
☐ 706    ☐ 709    ☐ 940    ☑ 941    ☐ 943    ☐ 945    ☐ 990-PF    ☐ 4720    ☐ Other (specify)

**4a** Request for abatement or refund of:
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.

**b** Dates of payment ▶

**5** **Explanation and additional claims.** Explain why you believe this claim should be allowed, and show computation of tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

SEE ATTACHED RIDER

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) _President_ | Date _4/16/05_ |
|---|---|
| Signature | Date |

EXHIBIT 4

D. Gordon Potter is an individual with expertise in the mechanical engineering industry particularly with respect to the assembly, repair, servicing and reinstallation of pumps, gearboxes and other rotating equipment commonly used in the oil refining and chemical industries. During the year at issue, D. Gordon Potter entered into an employment contract and relationship with Pixley Services Limited, a company based in Dublin, Ireland. The rights obtained by Pixley Services Limited from the employment relationship with D. Gordon Potter were transferable in part. Pixley Services Limited transferred certain rights to the employment services of Dean D. Gordon Potter to Release Me, Inc., a company engaged in the business of employee leasing and employee temporary services. Thus, D. Gordon Potter became an employee of Release Me, Inc. during the year at issue. Release Me, Inc. contracted with Unico Service Co., Inc. to provide skilled labor. Pursuant to this contractual relationship with Pixley Services Limited, Release Me, Inc. paid to Pixley Services Limited a contractual price for the purchase of certain rights to the employment services of D. Gordon Potter. As part of the contract between Unico Service Co. and Release Me, Inc., Release Me, Inc. provided the services of D. Gordon Potter. While providing services to Unico Service Co., D. Gordon Potter worked on multiple business projects.

Unico Service Co. made periodic payments to Release Me, Inc., pursuant to the skilled labor contract discussed above, and Release Me, Inc. included these amounts on its income tax return. Release Me, Inc., in turn, paid substantial wages to D. Gordon Potter and paid the employer's portion of the employment tax pursuant to the Potter's contractual rights set forth in the employment contract with Pixley Services Limited, which had been assigned to Release Me, Inc. D. Gordon Potter included these wages in income and paid income tax and the employee's portion of the employment tax, accordingly.

Pursuant to the contractual employment agreement of Pixley Services Limited and D. Gordon Potter, Pixley established and funded a non-vested, retirement plan for the future benefit of D. Gordon Potter. The non-vested, retirement plan was equivalent to a revocable trust that was subject to the creditors of Pixley Services Limited. The non-vested, retirement plan is a non-transferable plan, and D. Gordon Potter has no immediate right to receive the benefits of the non-vested, retirement plan. Therefore, the contribution made by Pixley Services Limited for the future benefit of D. Gordon Potter constitutes deferred compensation, which is not includable as wages or income of D. Gordon Potter until a future date when the retirement plan vests and disbursement are available to D. Gordon Potter. *See* I.R.C. §§ 83, 451. Therefore, Unico Services, Inc. is not liable for the employer's portion of employment tax on the amounts paid by Unico Services, Inc. to Release Me, Inc. in excess of the amounts paid by Release Me, Inc. to D. Gordon Potter.

*The Form of the Transaction Must Be Respected*

The Commissioner erroneously asserts that the above transaction lacks economic substance, and the above transaction should be disregarded and re-written for federal tax purposes. The Commissioner, instead of respecting the form, desires to treat the

Rider to Form 843                                    UNICO SERVICES INC.
                                                     95-2885601

transaction as a direct employer-employee relationship between D. Gordon Potter and
Unico Services, Inc. Thus, the Commissioner alleges that Unico Services, Inc. must pay
the employer's portion of employment tax, during the period at issue, on the full amount
of payments from Unico Industrial Services, Inc. to the unrelated employee leasing
company, Release Me, Inc.

The Commissioner's assertion that the transaction lacks economic substance and should
be disregarded and re-written is in direct conflict with relevant case law. In Coltec
Industries Inc. v. United States, 62 Fed. Cl. 716 (2004), the Court ruled that a similar
arrangement was valid, in which a company transferred contingent liabilities associated
with asbestos claims against a subsidiary to an entity the company created and then sold
at a loss. In so ruling, the Court stated, "[W]here a taxpayer has satisfied all the statutory
requirements established by Congress, as Coltec did in this case, the use of the 'economic
substance' doctrine to trump 'mere compliance with the code' would violate the
separation of powers…." See also TIFD III-E, Inc. v. United States, 342 F. Supp. 94
(D.Conn. 2004).

The transaction set forth above satisfies the plain language of the statutory requirements
set forth in I.R.C. §§ 83, 451. Therefore, pursuant to Coltec and TIFD III-E, the
economic substance doctrine does not apply, and the transaction set forth above must be
respected, may not be disregarded, and may not be re-written.

*Penalties Do Not Apply*

If it is ultimately concluded that D. Gordon Potter is not entitled to a refund of the tax in
the case at hand, penalties do not apply in this case. Where a taxpayer takes a position
that has a reasonable basis in law and fact, neither the negligence penalty nor the
substantial understatement penalty shall apply. I.R.C. § 6662. Under Treas. Reg.
§ 1.6662-3(b)(3), a return position is reasonable where based on one or more of the
authorities listed in Treas. Reg. § 1.6662-4(d)((3)(iii). As set forth above, the plain
language of the statutes and published case law supports the return position of
D. Gordon Potter. The issues in this case represent a previously untested, complicated
area of the tax law that is subject to multiple reasonable interpretations. Therefore, no
penalties should attach.

Moreover, the reasonable cause and good faith exception in Treas. Reg. § 1.6664-4 may
relieve taxpayers from liability from penalties even if the return position does not satisfy
the reasonable basis standard. Reasonable cause is established when a taxpayer shows
that he reasonably relied on the advice of an accountant or attorney. United States v.
Boyle, 469 U.S. 241 (1985). In the case at hand, taxpayer relied upon the advice of
competent accountants and attorneys, and, therefore, satisfies the reasonable cause
exception.

Taxpayer is also entitled to additional deductions for real estate taxes paid during the year
at issue.

Rider to Form 843                                    UNICO SERVICES INC.
                                                        95-2885601

For the above stated reasons, taxpayer respectfully requests that the Commissioner grant him a refund of taxes paid during the year at issue and reverse the assessment of penalties and interest.

**Internal Revenue Service**

1301 Clay Street, Suite 895S
Oakland, CA 94612

**Department of the Treasury**

Taxpayer Identification Number:
　95-2885601
Kind of Tax:
　Employment
Tax Period(s) Ended
　6/30/2000,9/30/2000,12/31/2000
Amount of Claim:
　$122,778.75,$103,677.03,$67,042.27
Date Claim Received:
　July 28, 2005
Person to Contact:
　Leonard Antonio

Date:　SEP 2 2 2005

Unico Services Inc.
P. O. Box 887
Benecia, CA  94510-0887

Contact Telephone Number:
　(510) 637-2590
Employee Identification Number:
　94-09515

Dear Unico Services Inc.

　We are sorry, but we cannot allow your claim for an adjustment to your tax, for the reasons stated below. This letter is your legal notice that we have fully disallowed your claim.

　If you wish to bring suit or proceedings for the recovery of any tax, penalties, or other moneys for which this disallowance notice is issued, you may do so by filing suit with the United States District Court having jurisdiction, or the United States Claims Court. The law permits you to do this within 2 years from the mailing date of this letter. However, if you signed a *Waiver of Statutory Notification of Claim Disallowance,* Form 2297, the period for bringing suit began to run on the date you filed the waiver.

　We have enclosed Publication 5, *Your Appeal Rights and How to Prepare a Protest If You Don't Agree,* and Publication 594, *The IRS Collection Process,* if additional tax is due.

```
┌─────────────────┐
│   EXHIBIT       │
│   ___19___      │
└─────────────────┘
```

(over)

137

Letter 906 (DO) (Rev. 6-2000)
Cat. No. 14978B



If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

Sincerely yours,

Leo V. Alvarado
Technical Services Territory Manager

Enclosures:
Publication 5
☒ Publication 594

Reasons for disallowance:

You have requested that this claim for refund be denied immediately and without consideration since the merits of this claim have already been reviewed by the Internal Revenue Service.

138

Letter 906 (DO) (Rev. 6-2000)
Cat. No. 14978B

**Internal Revenue Service**

1301 Clay Street, Suite 895S
Oakland, CA   94612

Date:  SEP 2 2 2005

Unico Services Inc.
P. O. Box 887
Benecia, CA  94510-0887

**Department of the Treasury**

Tax Year Ended:
   September 30, 2001
Person to Contact:
   Leonard Antonio

Employee Identification Number
   94-09515

Contact Telephone Number:
   (510)637-2590

Dear  Unico Services Inc.

   As you requested on        July 18, 2005, we have reviewed the adjustment to your tax liability for the above year.  The item checked below applies to your situation.

☐   We are reducing the earlier adjustment by the amount shown on the enclosed report. We
     will credit your account for this amount.

☒   The information you gave us does not establish a basis for changing our earlier adjustment.

☐   You did not submit the information we requested so we can take no further action on your request.

☒   You made a deposit which was refunded to you before the assessment was made.  Therefore, your
     Form 843 Claim for Refund is treated as a request for audit reconsideration/abatement.

   If you still do not agree with our determination, you may, after paying the additional tax due, file an amended return or a claim for refund. If you file a claim or amended return, you should do so within 3 years from the date your return was filed or 2 years from the time the tax was paid, whichever is later.

   If you have any questions about this letter, please write to the person whose name is shown at the top of this letter, or you may call that person at the telephone number shown.

Letter 693 (DO) (Rev. 7-1987)
Catalog Number 40310J

EXHIBIT 6

If you write to us with the questions about this letter, please attach this letter to help us identify your case. Keep a copy for your records.

Thank you for your cooperation.

Sincerely yours,

Leo V. Alvarado
Technical Services Territory Manager

Enclosures:
Report
Copy of this letter

Letter 693 (DO) (Rev. 7-1987)
Catalog Number 40310J

AO 440 (Rev. 8/01)  Summons in a Civil Action

# United States District Court

### Eastern District of California

UNICO SERVICES INC.

## SUMMONS IN A CIVIL CASE

### V.

CASE NUMBER:

UNITED STATES OF AMERICA

TO:  (Name and address of Defendant)

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY  (name and address)

John Gigounas
100 Pine Street, Suite 750
San Francisco, CA 94111

an answer to the complaint which is served on you with this summons, within  60 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK

_____
DATE

_____
(By) DEPUTY CLERK

EDCAO440

AO 440 (Rev. 8/01)  Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me [1] | |

| NAME OF SERVER *(PRINT)* | TITLE |
|---|---|
| | |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____
_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____
_____
_____

☐  Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION  OF  SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
Date                                              *Signature of Server*


_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**UNICO SERVICES INC.,**

V.                                    **SUMMONS IN A CIVIL CASE**

**UNITED STATES OF AMERICA,**

CASE NUMBER: **2:07–CV–01009–MCE–KJM**

TO: **United States of America**
Defendant's Address:

**YOU ARE HEREBY SUMMONED** and required to serve on

**JOhn Gigounas**
**Simpson & Gigounas**
**100 Pine Street, Suite 750**
**San Francisco, CA 94111**

an answer to the complaint which is served on you with this summons, within **60** days after
service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.  Any answer that you serve
on the parties to this action must be filed with the Clerk of this Court within a reasonable period
of time after service.

**VICTORIA C. MINOR**
_____
CLERK

**/s/  L. Mena–Sanchez**
_____

(By) DEPUTY CLERK



**ISSUED ON 2007–05–30 13:36:20.0**, Clerk
USDC EDCA

**RETURN OF SERVICE**

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____
_____
_____

☐ Other (specify) :_____
_____
_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on    _____
                          Date

_____
*Signature of Server*

_____
*Address of Server*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

**UNICO SERVICES INC.,**

                         Plaintiff(s),                 NO. **2:07−CV−01009−MCE−KJM**

v.

**UNITED STATES OF AMERICA,**         **ORDER REQUIRING JOINT STATUS REPORT**

                       Defendant(s).

_____ /

    This action has been assigned to the Honorable Morrison C. England, Jr. Pursuant to the provisions of Rule 16 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED THAT:

    1. Plaintiff(s) shall complete service of process on all parties within one hundred and twenty (120) days of the date of the filing of the complaint.

    2. Concurrently with the service of process, or as soon thereafter as possible, plaintiff(s) shall serve upon each of the parties named in the complaint, and upon all parties subsequently joined, a copy of this Order, and shall file with the Clerk of the Court a certificate reflecting such service.   Any party who impleads a third−party defendant shall serve upon that party a copy of this Order and shall file with the Clerk of the Court a certificate reflecting such service.

    3. In the event this action was originally filed in a state court and was thereafter removed to this Court, the removing parties shall, immediately following such removal, serve upon each of the other parties named in the complaint, and upon all parties subsequently joined, a copy of this Order and shall file with the Clerk of the Court a certificate reflecting such service.

    4. Within sixty (60) days of service of the complaint on any party, or from the date of removal, the parties shall confer as required by Fed. R. Civ. P. 26(f) and shall prepare and submit to the Court a **joint status report** that includes the Rule 26(f) discovery plan. The joint status report

shall address the following matters:

(a) a brief summary of the claims;

(b) status of service upon all defendants and cross–defendants;

(c) possible joinder of additional parties;

(d) contemplated amendments to the pleadings;

(e) the **_statutory_** basis for jurisdiction and venue;

(f) anticipated discovery and the scheduling of discovery, including:

(1) what changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made;

(2) the subjects on which discovery may be needed; when discovery should be completed, and whether discovery should be conducted in phases;

(3) what changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;

(4) the timing of the disclosure of expert witnesses and information required by Rule 26(a)(2); and

(5) proposed dates for discovery cut–off.

(g) proposed date by which all non–discovery motions shall be filed;

(h) proposed dates for final pretrial conference and trial;

(i) estimate of days of trial, and whether any party has demanded a jury;

(j) appropriateness of special procedures such as reference to a special master or agreement to try the matter before a magistrate judge pursuant to 28 U.S.C. 636(c);

(k) proposed modification of standard pretrial procedures due to the special nature of the case;

(l) whether the case is related to any other case, including any matter involving bankruptcy;

(m) prospects for settlement, including whether a settlement conference should be scheduled; and

(n) any other matters that may be conductive to the just and expeditious disposition of the case, including whether counsel will waive any disqualification and stipulate to the trial judge acting as a settlement judge.

5. The Court, upon review of the joint status report may:

    (a) issue a Pretrial (Status) Scheduling Order incorporating the suggestions of counsel as contained in the joint status report;

    (b) by minute order, set a status conference to be held either by telephone or in person.

    (c) by minute order, require the parties to submit a supplemental joint status report to clarify and or complete the responses required by paragraph 4, above.

6. A Pretrial (Status) Scheduling Order will be issued regarding future proceedings in the case. Counsel are directed to read the order carefully.   Requests to modify or vacate any date or other limitation set forth in the order are not favored and will not be granted absent good cause.

7. Any briefs or other papers filed prior to the issuance of the Pretrial (Status) Scheduling Order shall not exceed twenty (20) pages. Any party wishing to file lengthier documents must first seek relief from said page limitation requirement from the Court.

8. In order to assist the Court in meeting its recusal responsibilities, any non–governmental corporate party to this action shall submit a statement identifying all its parent corporations and listing any publicly held company that owns ten percent (10%) or more of the party's stock.   Such statement shall be included in the parties' joint status report.   Thereafter, if there is any change in the information, the party shall file and serve a supplemental statement within a reasonable time after such change occurs.

9. In accordance with L.R. 16–160, counsel are to immediately notify the courtroom deputy and chambers of any settlement or other disposition of the case.

      _/s/ V. A. Souvannarath_____
      V. Amanda Souvannarath
      Courtroom Deputy
      Tel (916) 930–4207
      Fax (916) 491–3955

      e–mail: asouvannarath@caed.uscourts.gov

## NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE

## TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73–305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment.  Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent.  You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information.  This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk

501 I Street, Room 4–200

Sacramento, CA 95814

Office of the Clerk

2500 Tulare Street , Suite 1501

Fresno, CA 93721

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**UNICO SERVICES INC.,**
Plaintiff(s)/Petitioner(s),

vs.

CASE NO. **2:07−CV−01009−MCE−KJM**

**UNITED STATES OF AMERICA,**
Defendant(s)/Respondents(s).

---

**IMPORTANT**
**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

☐ **CONSENT TO JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____     Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
( ) Counsel for *_____

---

☐ **DECLINE OF JURISDICTION OF**
**UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____     Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
( ) Counsel for *_____

---

*If representing more than one party, counsel must indicate name of each party responding.*

## NOTICE OF AVAILABILITY

**VOLUNTARY DISPUTE RESOLUTION**

Pursuant to the findings and directives of Congress in 28 U.S.C. §§ 651 *et seq.,* and in recognition of the economic burdens and delay in the resolution of disputes that can be imposed by full formal litigation, Local Rule 16–271 governs the referral of certain actions to the Voluntary Dispute Resolution Program ("VDRP") at the election of parties.  Plaintiff or removing party is to provide all other parties with copies of the notice at the time service is effected or, for parties already served, no more than fourteen (14) days after receiving notice from the Court.  After filing of the original complaint or removal action, any party who causes a new party to be joined in the action shall promptly serve a copy of the notice on the new party.

It is the Court's intention that the VDRP shall allow the participants to take advantage of a wide variety of alternative dispute resolution methods.   These methods may include, but are not limited to, mediation, negotiation, early neutral evaluation and settlement facilitation.   The specific method or methods employed will be determined by the Neutral and the parties.

**PLEASE TAKE NOTICE** that pursuant to Local Rule 16–271, ***this Local Rule applies to*** all civil actions pending before any District Judge or Magistrate Judge in the District except that actions in the following categories are exempt from presumptive inclusion: (i) prisoner petitions and actions, including habeas corpus petitions, (ii) actions in which one of the parties is appearing pro se, (iii) voting rights actions, (iv) social security actions, (v) deportation actions, (vi) Freedom of Information Act actions, and (vii) actions involving the constitutionality of federal, state or local statutes or ordinances.   The fact that a case falls in a category that is exempt from the presumptive applicability of this Local Rule neither (1) precludes the parties to such a case from agreeing to participate in an Alternative Dispute Resolution ("ADR") process, nor (2) deprives the Court of authority to compel participation in an appropriate ADR proceeding.

Parties may elect Voluntary Dispute Resolution with the Court indicating that all parties to the action agree to submit the action to VDRP pursuant to Local Rule 16–271. Actions may not be assigned to VDRP over the objection of a party. (Copy of sample stipulation attached hereto.) **At the time of filing, a copy of the stipulation shall be provided to the VDRP Administrator designated below:**

| Sacramento Cases | Fresno Cases |
|---|---|
| Voluntary Dispute Resolution | Voluntary Dispute Resolution |
| Program Administrator | Program Administrator |
| United States District Court | United States District Court |
| 501 "I" Street , Suite 4–200 | 2500 Tulare Street , Suite 1501 |
| Sacramento, CA 95814 | Fresno, CA 93721 |
| (916) 930–4280 | (559) 499–5600 |

Attorney Identification
(include State Bar number)

Attorney(s) for:

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

**UNICO SERVICES INC.,**
                    Plaintiff(s)

                    v.

**UNITED STATES OF AMERICA,**
                    Defendant(s)
_____/

NO. **2:07–CV–01009–MCE–KJM**_____

STIPULATION TO ELECT
REFERRAL OF ACTION TO VOLUNTARY
DISPUTE RESOLUTION PROGRAM (VDRP)
PURSUANT TO LOCAL RULE 16–271

        Pursuant to Local Rule 16–271, the parties hereby agree to submit the above–entitled action to

the Voluntary Dispute Resolution Program.

        DATED:_____

                                        _____
                                        Name:
                                        Attorney(s) for Plaintiff(s)


                                        _____
                                        Name:
                                        Attorney(s) for Defendant(s)

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me[1] | DATE |
|---|---|

| NAME OF SERVER (PRINT) AARON C. CONNORS | TITLE PRIVATE INVESTIGATOR |
|---|---|

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: JOYCE DERSEL
501 I ST SACRAMENTO, CA 95814

☐ Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left:_____

☐ Returned unexecuted:_____
_____
_____

☒ Other (specify): Attorney General of the U.S.A, U.S. DOJ, 950 Pennsylvania Ave., NW, Washington, D.C. 20530-0001 & IRS, 1301 Clay St., Oakland, CA 94612 VIA CERTIFIED MAIL

### STATEMENT OF SERVICE FEES

| TRAVEL MILEAGE  $10.00 | SERVICES  $ 50.00 | TOTAL  $60.00 |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on   6-5-07
                  Date

Signature of Server

4042 DE LA VINA WY SACTO, CA 95823
Address of Server

1   John Gigounas  SBN (42822)
    Gerald A. Holmes SBN (59515)
2   100 Pine Street, Suite 750
    San Francisco, CA 94111
3   Telephone: (415) 391-4900
    Facsimile: (415) 296-7894
4   john@gigounaslaw.com
5
    Attorneys for UNICO Services Inc.
6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11  UNICO SERVICES INC.,                )    CASE NO. 2:07-CV-01009-MCE-KJM
                                        )
12              Plantiff,               )
                                        )    **NOTICE OF UNAVAILABILITY OF**
13          v.                          )    **COUNSEL**
                                        )
14  UNITED STATES OF AMERICA,           )
                                        )
15              Defendant.              )
                                        )
16                                      )
                                        )
17  _____)

18

19          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20          NOTICE IS HEREBY GIVEN that during the period from July 11, 2007, until August 7,

21  2007, John Gigounas will be on vacation in Europe and unavailable for any purpose whatsoever,

22  including but not limited to receiving notices of any kind, responding to ex parte applications,

23  appearing in court or attending depositions.

24

25  Date:   July 9, 2007                        /s/ John Gigounas_____
                                                John Gigounas
26                                              Attorney for UNICO Services Inc.

27

28

                                          1
NOTICE OF UNAVAILABILITY OF COUNSEL

1  McGREGOR W. SCOTT
   United States Attorney
2
   G. PATRICK JENNINGS
3  PAUL HAM
   Trial Attorneys, Tax Division
4  U.S. Department of Justice
   P.O. Box 683, Ben Franklin Station
5  Washington, D.C.  20044-0683
   Telephone:     (202) 307-6648
6  Facsimile:      (202) 307-0054
   E-mail:         guy.p.jennings@usdoj.gov
7
   THOMAS M. ROHALL
8  Special Trial Counsel, Tax Division
   U.S. Department of Justice
9  Telephone:  (916) 974-5723

10  Attorneys for United States of America

11
                    IN THE UNITED STATES DISTRICT COURT
12
                  FOR THE EASTERN DISTRICT OF CALIFORNIA
13

14  UNICO SERVICES INC.                    Civil No. 2:07-CV-01009-MCE-KJM

15                     Plaintiff,
                                           **UNITED STATES' UNOPPOSED REQUEST
16          v.                             FOR AN EXTENSION OF TIME TO FILE
                                           ITS ANSWER AND JOINT STATUS
17  THE UNITED STATES OF AMERICA,          REPORT**

18                     Defendant.

19

20
            The United States of America, through undersigned counsel, hereby seeks an extension, until
21
    August 17, 2007, in which to file its Answer and the Joint Status Report.  In support thereof, the United
22
    States states as follows:
23
            1.      On May 29, 2007, Plaintiff filed this action seeking a refund of taxes which were
24
    allegedly erroneously collected for its employment related taxes (Form 941) for the tax periods ending
25
    June 30, 2000; September 30, 2000; December 31, 2000; and September 30, 2001.
26
            2.      The United States seeks an extension of approximately two weeks in which to file its
27
    Answer and the Joint Status Report.  The United States' defense of this action involves a bankruptcy case
28
    and an associated proceeding involving Plaintiff's principal, Dean Gordon Potter, filed with the United

                                                    - 1 -

1    States Bankruptcy Court for the Northern District of California.   The United States has not yet had

2    sufficient time to coordinate with the Internal Revenue Service to allow it to properly respond.

3    Moreover, counsel for Plaintiff has been away from the office for an extended amount of time and the

4    parties have not yet been able to finalize a Joint Status Report.

5         3.     This request is not made for the purposes of delay but rather to allow the United States a

6    reasonable amount of time to adequately respond to Plaintiff's Complaint.  Moreover, the parties further

7    request a two-week extension to finalize discussions to enable the parties to file a Joint Status Report.

8         4.     The United States and Plaintiff, through their respective attorneys, telephonically

9    conferred on August 3, 2007 and Plaintiff agrees to this Request.

10        WHEREFORE, the United States requests a reasonable amount of time, until August 17, 2007,

11   for it to file an Answer and for the parties to file a Joint Status Report.

12

13        Dated this 6th day of August, 2007

14                                              Respectfully submitted,

15                                              McGREGOR W. SCOTT
                                                United States Attorney
16
                                                 /s/ - Paul Ham
17                                              G. PATRICK JENNINGS
                                                PAUL HAM
18                                              THOMAS M. ROHALL
                                                Trial Attorneys, Tax Division
19                                              U.S. Department of Justice

20                                              Attorneys for the United States of America

21

22

23

24

25

26

27

28

McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
PAUL HAM
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:    (202) 307-6648
Facsimile:    (202) 307-0054
E-mail:       guy.p.jennings@usdoj.gov

THOMAS M. ROHALL
Special Trial Counsel, Tax Division
U.S. Department of Justice
Telephone:  (916) 974-5723

Attorneys for United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICO SERVICES INC.<br><br>                    Plaintiff,<br><br>          v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                    Defendant. | Civil No. 2:07-CV-01009-MCE-KJM<br><br>**[Proposed] ORDER** |

        Having considered the United States' Unopposed Request, the record contained herein, and good

cause being shown, the Court hereby GRANTS the Request and directs that the United States shall have

up to and including August 17, 2007 in which to answer or otherwise respond to the Complaint and the

parties shall have up to and including August 17, 2007 in which to file a Joint Status Report.

        **IT IS SO ORDERED.**

Dated this ___ day of _____, 2007.

                                        _____
                                        MORRISON C. ENGLAND
                                        United States District Judge

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

__UNICO SERVICES INC.,_____
Plaintiff(s)/Petitioner(s),

vs.

CASE NO.__2:07–CV–01009–MCE–KJM_____

__UNITED STATES OF AMERICA,_____
Defendant(s)/Respondents(s).

---

__IMPORTANT__
   __IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF
A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE
SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.__

---

☐        __CONSENT__ TO JURISDICTION OF
         UNITED STATES MAGISTRATE JUDGE

   In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned
hereby voluntarily consents to have a United States Magistrate Judge conduct all further
proceedings in this case, including trial and entry of final judgment, with direct review by the
Ninth Circuit Court of Appeals, in the event an appeal is filed.

   Date: _____        Signature: _____

                                    Print Name: _____
                                    ( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
                                    ( ) Counsel for *_____

---

✗        __DECLINE__ OF JURISDICTION OF
         UNITED STATES MAGISTRATE JUDGE

   Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the
availability of a United States Magistrate Judge but hereby declines to consent.

   Date: __8-7-07__        Signature: _____

                          Print Name: __John Gigounas__
                          (✗) Plaintiff/Petitioner  ( ) Defendant/Respondent
                          ( ) Counsel for *_____

---

*If representing more than one party, counsel must indicate name of each party responding.*

1   McGREGOR W. SCOTT
    United States Attorney
2
    G. PATRICK JENNINGS
3   PAUL HAM
    Trial Attorneys, Tax Division
4   U.S. Department of Justice
    P.O. Box 683, Ben Franklin Station
5   Washington, D.C.  20044-0683
    Telephone:    (202) 307-6648
6   Facsimile:    (202) 307-0054
    E-mail:       guy.p.jennings@usdoj.gov
7
    THOMAS M. ROHALL
8   Special Trial Counsel, Tax Division
    U.S. Department of Justice
9   Telephone:  (916) 974-5723

10  Attorneys for United States of America

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14  UNICO SERVICES INC.                Civil No. 2:07-CV-01009-MCE-KJM

15              Plaintiff,
                                       **ORDER**
16          v.

17  THE UNITED STATES OF AMERICA,

18              Defendant.

19

20          Having considered the United States' Unopposed Request, the record contained herein, and good

21  cause being shown, the Court hereby GRANTS the Request and directs that the United States shall have

22  up to and including August 17, 2007 in which to answer or otherwise respond to the Complaint and the

23  parties shall have up to and including August 17, 2007 in which to file a Joint Status Report.

24          **IT IS SO ORDERED.**

25
     Dated:  August 7, 2007
26
                                       _____
27
                                       MORRISON C. ENGLAND, JR.
28                                     UNITED STATES DISTRICT JUDGE

                                    - 1 -

1    McGREGOR W. SCOTT
     United States Attorney
2
     G. PATRICK JENNINGS
3    PAUL HAM
     Trial Attorneys, Tax Division
4    U.S. Department of Justice
     P.O. Box 683, Ben Franklin Station
5    Washington, D.C.  20044-0683
     Telephone:    (202) 307-6648
6    Facsimile:    (202) 307-0054
     E-mail:       guy.p.jennings@usdoj.gov
7
     THOMAS M. ROHALL
8    Special Trial Counsel, Tax Division
     U.S. Department of Justice
9    Telephone:  (916) 974-5723

10   Attorneys for United States of America

11
                     IN THE UNITED STATES DISTRICT COURT
12
                    FOR THE EASTERN DISTRICT OF CALIFORNIA
13

14   UNICO SERVICES INC.,                    Civil No. 2:07-CV-01009-MCE-KJM

15                   Plaintiff,
                                             **UNITED STATES' ANSWER**
16         v.

17   THE UNITED STATES OF AMERICA,

18                   Defendant.

19

20
           The United States of America hereby answers the complaint of Unico Services Inc.
21
     ("Unico" or "plaintiff").  To the extent not specifically admitted below, the allegations are denied.
22
     Answering specifically the numbered paragraphs of the complaint and utilizing the same
23
     paragraph numbering, the United States responds as follows:
24
           1.      The United States admits that Unico seeks a tax refund but denies that Unico is
25
     so entitled.  The United States denies the remaining allegations of paragraph 1.
26
           2.      The United States presently lacks knowledge or information sufficient to form a
27
     belief as to the truth of the allegations in paragraph 2 and therefore denies them.
28

                                             - 1 -

3.      The United States admits the allegations in paragraph 3.

4.      The United States admits the allegations in paragraph 4 with respect to the claims for periods ending June 30, 2000; September 30, 2000; and December 31, 2000; but denies that Unico has fully paid the interest and penalties with respect to the period ending September 30, 2001, and so the Court lacks jurisdiction with respect to said period.

5.      The United States admits that Unico made claims for the listed periods, but denies that it is entitled to a tax refund.  The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies them.

6.      The United States admits that Unico has fully paid the tax assessed for the periods ending June 30, 2000; September 30, 2000; and December 31, 2000; but denies that Unico has fully paid the interest and penalties with respect to the period ending September 30, 2001.  The United States denies the remaining allegations of paragraph 6.

7.      The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8.      The United States admits the allegations in paragraph 8.

9.      The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10.     The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11.     The United States denies the allegations of paragraph 11.

12.     The United States admits that Unico made tax refund claims for the periods in question, but denies that Unico is entitled to a refund. The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and the allegations in Unico's attachments to the complaint and therefore denies them.

13.    The United States admits that the Service has denied the refund claim.  The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies them.

14.    The United States admits that the Service has denied the refund claim.  The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies them.

15.    The United States denies the allegations of paragraph 15 and the incorporated documents.

16.    The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 and therefore denies the allegations in paragraph 16.

17.    The United States denies the allegations of paragraph 17.

18.    The United States presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and therefore denies the allegations in paragraph 18.

19.    The United States denies the allegations of paragraph 19.

**DEFENSES**

1.    The Court lacks jurisdiction over the tax refund claim for the period ending September 30, 2001, because Unico has not fully paid the penalties and interest assessed.

2.    The form of the Potter-Unico employee leasing arrangement should be disregarded as an elaborate attempt to avoid federal taxation; substance should control over the form of the transaction.

WHEREFORE the United States, prays as follows:

(a)    That Plaintiff take nothing by its Complaint;

(b)    That judgment be entered on the Complaint in favor the United States and against Plaintiff denying Plaintiff a tax refund for the specified periods; and

1         (c)    That the United States be granted its fees and costs, and such other and further

2     relief as the Court deems just and proper.

3

4     Dated:  August 17, 2007

5                                           Respectfully submitted,

6                                           McGREGOR W. SCOTT
                                      United States Attorney

7

8                                            /s/ G. Patrick Jennings
                                      G. PATRICK JENNINGS
                                      Trial Attorneys, Tax Division

9                                           U.S. Department of Justice

10                                          Attorneys for the United States of America

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
PAUL HAM
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:    (202) 307-6648
Facsimile:    (202) 307-0054
E-mail:       guy.p.jennings@usdoj.gov

THOMAS M. ROHALL
Special Trial Counsel, Tax Division
U.S. Department of Justice
Telephone:  (916) 974-5723

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICO SERVICES INC.<br><br>                    Plaintiff,<br><br>          v.<br><br>THE UNITED STATES OF AMERICA,<br><br>                    Defendant. | Civil No. 2:07-CV-01009-MCE-KJM<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that service of the following documents:

1.  **UNITED STATES' ANSWER**

2.  **JOINT STATUS REPORT**

3.  **CERTIFICATE OF SERVICE**

has been made this 17th day of August, 2007, by sending copies thereof by United States Mail to:

- 1 -

1     JOHN GIGOUNAS
       Law Offices of John Gigounas
2     100 Pine Street, Suite 750
       San Francisco, CA 94111-5207
3

       Attorneys for plaintiff Unico
4

5                   /s/  G. Patrick Jennings
                   G. PATRICK JENNINGS
6                Trial Attorney, Tax Division
                U.S. Department of Justice
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   McGREGOR W. SCOTT
    United States Attorney
2
    G. PATRICK JENNINGS
3   PAUL HAM
    Trial Attorneys, Tax Division
4   U.S. Department of Justice
    P.O. Box 683, Ben Franklin Station
5   Washington, D.C.  20044-0683
    Telephone:    (202) 307-6648
6   Facsimile:    (202) 307-0054
    E-mail:        guy.p.jennings@usdoj.gov
7
    THOMAS M. ROHALL
8   Special Trial Counsel, Tax Division
    U.S. Department of Justice
9   Telephone:  (916) 974-5723

10  Attorneys for United States of America

11                  IN THE UNITED STATES DISTRICT COURT

12              FOR THE EASTERN DISTRICT OF CALIFORNIA

13

14  UNICO SERVICES INC.                    Civil No. 2:07-CV-01009-MCE-KJM

15                     Plaintiff,
                                           **JOINT STATUS REPORT**
16           v.

17  THE UNITED STATES OF AMERICA,

18                     Defendant.

19  _____

20

21          Plaintiff, Unico Services Inc. ("Unico"), and defendant, United States of America, through

    their respective attorneys, submit their joint status report:
22
    **1.     Brief Summary of Claims**
23
            Unico filed this action for a refund of federal employment taxes, penalties, and interest
24
    collected for the taxable periods ending June 30, 2000; September 30, 2000;  December 31,
25
    2000; and September 30, 2001, in an amount in excess of $290,000.  Unico contends
26
    payments made to Dean Gordon Potter for the above periods were disallowed.  Therefore, the
27
    withholding taxes asserted by the government are erroneous, as they are only due on salary.
28

                                               - 1 -

1

2      The United States contends that Unico and Dean Gordon Potter ("Potter"), engaged in

3   an abusive offshore employee leasing arrangement (the "OEL Arrangement").  The OEL

4   Arrangement was marketed to numerous taxpayers.  The scheme has not been fully litigated in

5   any court to date.  This case thus has significance as a case of first impression.

6      The primary argument of the United States is that the substance-over-form doctrine and

7   its subset, the step transaction doctrine, should apply to deem the payments from Unico under

8   the OEL Arrangement to be entirely salary to Potter.  The United States will assert a number of

9   alternative theories including constructive dividend, non-qualified deferred compensation,

10  statutory employee, and others.  The various theories would result in different employment and

11  income tax results for Unico and Potter.

12     Potter filed a petition in bankruptcy in the United States Bankruptcy Court for the

13  Northern District of California.  *In re Potter*, Bankr. No. 06-42425 (N.D. Cal.).  The United

14  States filed a proof of claim for individual income taxes in the Potter bankruptcy in an amount

15  exceeding $7 million, and Potter has objected to the claim.  The United States contends that

16  the same transaction is at issue in this case and in Potter's objection to the IRS claim, so the

17  United States will seek to withdraw the reference in the bankruptcy case and transfer venue

18  from the Northern District to the Eastern District of California.  Unico contends that the issues

19  are not the same and that the reference should not be withdrawn, and that venue should

20  remain in the Northern District.  The United States contends that the Potter and Unico tax

21  liabilities, which result from the same transaction, should be tried in one action.  Unico opposes

22  the consolidation of the actions.

23  **2.    Service of Process**

24     Service of process is complete.

25  **3.    Joinder**

26     The parties do not anticipate joining any additional parties.  However, the United States

27  will seek to consolidate the Potter tax dispute with this case.

28

1  **4.    Amendment**

2      The United States may counterclaim for additional tax periods against Unico and may

3  seek to consolidate the Potter tax dispute with this action.  The United States requests a

4  scheduling order permitting a counterclaim within ten days of the entry of the scheduling order.

5  The plaintiff does not object.

6  **5.    Jurisdiction and Venue**

7      This Court has jurisdiction over three claims in this action pursuant to 28 U.S.C. §§

8  1346(a)(1) and pursuant to 26 U.S.C. § 7422.  The Court lacks jurisdiction over the tax refund

9  claim for the period ending September 30, 2001, because Unico has not fully paid the penalties

10  and interest assessed.  The plaintiff concurs that, if the penalty and interest were not fully paid,

11  that jurisdiction is lacking, but as to those items only.  Venue is proper in the Eastern District of

12  California because Unico engaged in business within this judicial district, in Benicia, California.

13  **6.    Anticipated Motions**

14      The United States will move to dismiss the claim on the most recent period for lack of

15  jurisdiction.  The United States and the plaintiff anticipate motions for summary judgment after

16  substantial discovery.

17  **7.    Discovery Plan Under Fed. R. Civ. P. 26**

18      The parties have not commenced formal discovery.  However, the parties engaged in

19  extensive administrative discovery prior to this suit.  The parties intend to engage in extensive

20  informal discovery in the next months with a view towards possible early resolution of issues.

21      **A.**    Pre-Discovery Disclosures.  The parties hereby waive initial disclosures pursuant

22  to Fed. R. Civ. P. 26(a)(1).

23      **B.**    Discovery will be needed on the following subjects:

24          (1)  The OEL Arrangement, including the status of Potter as an employee and

25          Unico as an employer.

26          (2)   The current location and control of any funds issued by Unico under the OEL

27          Arrangement.

28      **C.**    The parties request discovery in separate phases.  First, 12 months of fact

1    discovery followed by dispositive motions, and, if necessary, expert witness testimony.

2        **D.**    Limits on Discovery:  The United States contends that there should be no

3    presumptive limit on the number of depositions or other types of discovery taken in this case.

4    Unico reserves the right to object to the number of depositions, contending that the number

5    should be limited.   The parties agree that there will be no presumptive limit on requests for

6    admissions and interrogatories.  The parties shall use reasonable efforts to confer prior to

7    scheduling depositions.  The United States reserves the right to seek an extended time to

8    depose Potter and the persons most knowledgeable.  Plaintiff will object to further depositions

9    of Potter and will seek to limit the number of the depositions.  The parties further agree that

10   formal discovery may commence immediately after the scheduling order is issued.

11       **E.**    Proposed Schedule

12           Last day for Fact Discovery:              September 30, 2008

13           Designate Expert Witnesses:             October 1, 2008

14           Designate Rebuttal Expert Witnesses:   October 30, 2008

15           Last day for expert discovery:           December 30, 2008

16           Last day to file dispositive Motions:    January 30, 2009

17           Settlement Conference Date:             none requested

18           Pretrial Conference Date:               At the Court's convenience

19           Trial Date:                             At the Court's convenience

20   8.   Trial Time Estimate: The parties estimate three weeks of trial time.  The plaintiffs have

21       not requested a jury trial.

22   9.   Special Procedures or Modification of Procedures

23       No special procedures are requested.  No modification of procedures is requested.

24

25

26

27

28

10.   Related Cases

The United States contends that same transaction is at issue in a bankruptcy case in the Northern District of California. *In re Potter*, Bankr. No. 06-42425 (N.D. Cal.). Plaintiff disputes this contention.

McGREGOR W. SCOTT
United States Attorney

Dated:  August 17, 2007

/s/ G. Patrick Jennings
G. PATRICK JENNINGS
Trial Attorneys, Tax Division
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC  20044-0683
Telephone: (202) 307-6648

Attorneys for the United States

Dated:  August 17, 2007

/s/ John Gigounas
JOHN GIGOUNAS
Law Offices of John Gigounas
100 Pine Street, Suite 750
San Francisco, CA 94111-5207

Attorneys for plaintiff Unico

McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
PAUL HAM
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:    (202) 307-6648
Facsimile:    (202) 307-0054
E-mail:        guy.p.jennings@usdoj.gov

THOMAS M. ROHALL
Special Trial Counsel, Tax Division
U.S. Department of Justice
Telephone:  (916) 974-5723

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICO SERVICES INC. | Civil No. 2:07-CV-01009-MCE-KJM |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

IT IS HEREBY CERTIFIED that service of the following documents:

1.    **UNITED STATES' ANSWER**

2.    **JOINT STATUS REPORT**

3.    **CERTIFICATE OF SERVICE**

has been made this 17th day of August, 2007, by sending copies thereof by United States Mail to:

1

JOHN GIGOUNAS
Law Offices of John Gigounas

2

100 Pine Street, Suite 750
San Francisco, CA 94111-5207

3

4

Attorneys for plaintiff Unico

5

                 /s/  G. Patrick Jennings
                 G. PATRICK JENNINGS

6

                 Trial Attorney, Tax Division
                 U.S. Department of Justice

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  `

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11 UNICO SERVICES, INC.,          No. 2:07-cv-01009-MCE-KJM

12           Plaintiff,

13      v.                        <u>PRETRIAL (STATUS) SCHEDULING ORDER</u>

14 UNITED STATES OF AMERICA,

15           Defendant.
   _____/

16

17      After reviewing the parties' Joint Status Report, the Court

18 makes the following Order.

19      I.   <u>SERVICE OF PROCESS</u>

20      All named Defendants have been served and no further service

21 is permitted without leave of court, good cause having been

22 shown.

23      II.  <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>

24      No joinder of parties or amendments to pleadings is

25 permitted without leave of court, good cause having been shown.

26      III. <u>JURISDICTION/VENUE</u>

27      Jurisdiction is predicated upon 42 U.S.C. §§ 2000e-16(c)and

28 2000e-5(f)(3).  Jurisdiction and venue are not contested.

                                1

1    IV.  <u>DISCOVERY</u>

2        All discovery, with the exception of expert discovery, shall

3    be completed by **September 19, 2008.**  In this context, "completed"

4    means that all discovery shall have been conducted so that all

5    depositions have been taken and any disputes relative to

6    discovery shall have been resolved by appropriate order if

7    necessary and, where discovery has been ordered, the order has

8    been obeyed.  All motions to compel discovery must be noticed on

9    the magistrate judge's calendar in accordance with the local

10   rules of this Court.

11   V.  <u>DISCLOSURE OF EXPERT WITNESSES</u>

12       All counsel are to designate in writing, file with the

13   Court, and serve upon all other parties the name, address, and

14   area of expertise of each expert that they propose to tender at

15   trial not later than **November 19, 2008.**[1]  The designation shall

16   be accompanied by a written report prepared and signed by the

17   witness.  The report shall comply with Fed. R. Civ. P.

18   26(a)(2)(B).

19       Within twenty (20) days after the designation of expert

20   witnesses, any party may designate a supplemental list of expert

21   witnesses who will express an opinion on a subject covered by an

22   expert designated by an adverse party.  The right to designate a

23   supplemental expert for rebuttal purposes only shall apply to a

24   party who has not previously disclosed an expert witness on the

25   date set for expert witness disclosure by this Scheduling Order.

26

27       [1] The discovery of experts will include whether any motions
     based on <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S.

28   579 (1993) and/or <u>Kumo Tire Co. v. Carmichael</u>, 119 S. Ct. 1167
     (1999) are anticipated.

2

1   Failure of a party to comply with the disclosure schedule as
2   set forth above in all likelihood will preclude that party from
3   calling the expert witness at the time of trial.  An expert
4   witness not appearing on the designation will not be permitted to
5   testify unless the party offering the witness demonstrates: (a)
6   that the necessity for the witness could not have been reasonably
7   anticipated at the time the list was proffered; (b) that the
8   Court and opposing counsel were promptly notified upon discovery
9   of the witness; and (c) that the witness was promptly made
10  available for deposition.
11  For purposes of this scheduling order, an "expert" is any
12  person who my be used at trial to present evidence under Rules
13  702, 703, and 705 of the Federal Rules of Evidence, which include
14  both "percipient experts" (persons who, because of their
15  expertise, have rendered expert opinions in the normal course of
16  their work duties or observations pertinent to the issues in the
17  case) and "retained experts" (persons specifically designated by
18  a party to be a testifying expert for the purposes of
19  litigation).
20  Each party shall identify whether a disclosed expert is
21  percipient, retained, or both.  It will be assumed that a party
22  designating a retained expert has acquired the express permission
23  of the witness to be so listed.  Parties designating percipient
24  experts must state in the designation who is responsible for
25  arranging the deposition of such persons.
26  ///
27  ///
28  ///

3

All experts designated are to be fully prepared at the time
of designation to render an informed opinion, and give their
bases for their opinion, so that they will be able to give full
and complete testimony at any deposition taken by the opposing
party.  Experts will not be permitted to testify at the trial as
to any information gathered or evaluated, or opinion formed,
after deposition taken subsequent to designation.

Counsel are instructed to complete all discovery of expert
witnesses in a timely manner in order to comply with the Court's
deadline for filing dispositive motions.

VI.  <u>MOTION HEARING SCHEDULE</u>

All dispositive motions, except motions for continuances,
temporary restraining orders or other emergency applications,
shall be heard <u>no</u> <u>later</u> <u>than</u> **January 19, 2009.**  The parties are
responsible for ensuring that all motions are filed to allow for
proper notice of the hearing under the Federal Rules of Civil
Procedure and/or Local Rules.  Available hearing dates may be
obtained by calling Stephanie Deutsch, Deputy Courtroom Clerk,
(916) 930-4207.

All purely legal issues are to be resolved by timely
pretrial motions.  Local Rule 78-230 governs the calendaring and
procedures of civil motions with the following additions:

> (a)  The opposition and reply must be filed by
> **4:00 p.m.** on the day due; and
> (b)  When the last day for filing an opposition brief
> falls on a legal holiday, the opposition brief
> shall be filed on the last court day immediately
> preceding the legal holiday.

1    Failure to comply with Local Rule 78-230(c), as modified by

2  this Order, may be deemed consent to the motion and the Court may

3  dispose of the motion summarily.  Further, failure to timely

4  oppose a summary judgment motion[2] may result in the granting of

5  that motion if the movant shifts the burden to the nonmovant to

6  demonstrate that a genuine issue of material fact remains for

7  trial.

8    The Court places a page limit of twenty (20) pages on all

9  initial moving papers, twenty (20) pages on oppositions, and ten

10 (10) pages for replies.  All requests for page limit increases

11 must be made in writing to the Court setting forth any and all

12 reasons for any increase in page limit at least fourteen (14)

13 days prior to the filing of the motion.

14    For the Court's convenience, citations to Supreme Court

15 cases should include parallel citations to the Supreme Court

16 Reporter.

17    The parties are reminded that a motion <u>in limine</u> is a

18 pretrial procedural device designed to address the admissibility

19 of evidence.  The Court will look with disfavor upon

20 dispositional motions (except those noted on page 3) presented at

21 the Final Pretrial Conference or at trial in the guise of motions

22 <u>in limine</u>.

23 ///

24 ///

25 ///

26

27    [2]  The Court urges any party that contemplates bringing a
motion for summary judgment or who must oppose a motion for
28 summary judgment to review Local Rule 56-260.

5

1    The parties are cautioned that failure to raise a

2  dispositive legal issue that could have been tendered to the

3  court by proper pretrial motion prior to the dispositive motion

4  cut-off date may constitute waiver of such issue.

5    VII. <u>FINAL PRETRIAL CONFERENCE</u>

6    The Final Pretrial Conference is set for **June 19, 2009** at

7  **9:00 a.m.**  At least one of the attorneys who will conduct the

8  trial for each of the parties shall attend the Final Pretrial

9  Conference.  If by reason of illness or other unavoidable

10  circumstance a trial attorney is unable to attend, the attorney

11  who attends in place of the trial attorney shall have equal

12  familiarity with the case and equal authorization to make

13  commitments on behalf of the client.

14    Counsel for all parties are to be fully prepared for trial

15  at the time of the Final Pretrial Conference, with no matters

16  remaining to be accomplished except production of witnesses for

17  oral testimony.

18    The parties shall file, not later than **May 29, 2009,** a Joint

19  Final Pretrial Conference Statement.  The provisions of Local

20  Rules 16-281 shall apply with respect to the matters to be

21  included in the Joint Final Pretrial Conference Statement.  In

22  addition to those subjects listed in Local Rule 16-281(b), the

23  parties are to provide the Court with a plain, concise statement

24  that identifies every non-discovery motion tendered to the Court

25  and its resolution.  Failure to comply with Local Rule 16-281, as

26  modified by this Order, may be grounds for sanctions.

27  ///

28  ///

6

1    <u>At the time of filing the Joint Final Pretrial Conference</u>
2    <u>Statement, counsel shall also electronically mail to the Court in</u>
3    <u>digital format compatible with Microsoft Word or WordPerfect, the</u>
4    <u>Joint Final Pretrial Conference Statement in its entirety</u>
5    <u>including the witness and exhibit lists</u>. **These documents shall**
6    **be sent to: mceorders@caed.uscourts.gov.**

7    The parties should identify first the core undisputed facts
8    relevant to all claims.  The parties should then, in a concise
9    manner, identify those undisputed core facts that are relevant to
10   each claim.  The disputed facts should be identified in the same
11   manner.  Where the parties are unable to agree as to what
12   disputed facts are properly before the Court for trial, they
13   should nevertheless list all disputed facts asserted by each
14   party.  Each disputed fact or undisputed fact should be
15   separately numbered or lettered.

16   Each party shall identify and concisely list each disputed
17   evidentiary issue which will be the subject of a motion in
18   limine.

19   Each party shall identify the points of law which concisely
20   describe the legal issues of the trial which will be discussed in
21   the parties' respective trial briefs.  Points of law should
22   reflect issues derived from the core undisputed and disputed
23   facts.  Parties shall not include argument or authorities with
24   any point of law.

25   The parties are reminded that pursuant to Local Rule 16-281
26   they are required to list in the Joint Final Pretrial Conference
27   Statement all witnesses and exhibits they propose to offer at
28   trial.

After the name of each witness, each party shall provide a brief statement of the nature of the testimony to be proffered.  The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Joint Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the Court: pink for Plaintiff and blue for Defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  All multi page exhibits shall be stapled or otherwise fastened together and each page within the exhibit shall be numbered. The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  In the event that Plaintiff and Defendant offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first</u> <u>identified</u>.  The Court cautions the parties to pay attention to this detail so that all concerned will not be confused by one exhibit being identified with both a number and a letter.

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

8

1  Counsel shall produce all trial exhibits to Stephanie
2  Deutsch, the Courtroom Clerk, no later than **3:00 p.m.** on
3  **July 13, 2009.**

4  The parties also are reminded that pursuant to Rule 16 of
5  the Federal Rules of Civil Procedure it will be their duty at the
6  Final Pretrial Conference to aid the Court in: (a) the
7  formulation and simplification of issues and the elimination of
8  frivolous claims or defenses; (b) the settling of facts that
9  should properly be admitted; and (c) the avoidance of unnecessary
10  proof and cumulative evidence.  Counsel must cooperatively
11  prepare the Joint Final Pretrial Conference Statement and
12  participate in good faith at the Final Pretrial Conference with
13  these aims in mind.  A failure to do so may result in the
14  imposition of sanctions which may include monetary sanctions,
15  orders precluding proof, elimination of claims or defenses, or
16  such other sanctions as the Court deems appropriate.

17  VIII. <u>TRIAL SETTING</u>

18  The trial is set for **July 20, 2009 at 9:00 a.m.**  Trial will
19  be by court.  The parties estimate a trial length of **twenty-one**
20  **(21) days**.

21  IX.  <u>SETTLEMENT CONFERENCE</u>

22  No settlement conference is currently scheduled.  A
23  settlement conference may be set at the parties' request.  In the
24  event a settlement conference date is requested, the parties
25  shall file said request jointly, in writing.
26  ///
27  ///
28  ///

1    Counsel, except for Counsel for the United States, are
2  instructed to have a principal with full settlement authority
3  present at the Settlement Conference or to be fully authorized to
4  settle the matter on any terms.  At least seven (7) calendar days
5  before the settlement conference, counsel for each party shall
6  submit to the chambers of the settlement judge a confidential
7  Settlement Conference Statement.  Such statements are neither to
8  be filed with the Clerk nor served on opposing counsel.  Each
9  party, however, shall serve notice on all other parties that the
10  statement has been submitted.  If the settlement judge is not the
11  trial judge, the Settlement Conference Statement shall not be
12  disclosed to the trial judge.

13    After the Final Pretrial Conference, the Court will not set
14  a settlement conference.  The parties are free, however, to
15  continue to mediate or attempt to settle the case with the
16  understanding that the trial date is a firm date.

17    X.    VOLUNTARY DISPUTE RESOLUTION PROGRAM
18        Pursuant to Local Rule 16-271 parties will need to lodge a
19  stipulation and proposed order requesting referral to the
20  Voluntary Dispute Resolution Program.

21    XI.  MODIFICATION OF PRETRIAL SCHEDULING ORDER
22    The parties are reminded that pursuant to Rule 16(b) of the
23  Federal Rules of Civil Procedure, the Status (Pretrial
24  Scheduling) Order shall not be modified except by leave of court
25  upon a showing of good cause.  Agreement by the parties pursuant
26  to stipulation alone does not constitute good cause.  Except in
27  extraordinary circumstances, unavailability of witnesses or
28  counsel does not constitute good cause.

1    XII. <u>OBJECTIONS TO PRETRIAL SCHEDULING ORDER</u>

2    This Status Order will become final without further order of

3    the Court unless objections are filed within seven (7) *court* days

4    of service of this Order.

5    IT IS SO ORDERED.

6

7    Dated: October 12, 2007

8

9    _____
     MORRISON C. ENGLAND, JR.

10   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    McGREGOR W. SCOTT
     United States Attorney
2
     G. PATRICK JENNINGS
3    Trial Attorney, Tax Division
     U.S. Department of Justice
4    P.O. Box 683, Ben Franklin Station
     Washington, D.C. 20044-0683
5    Telephone:   (202) 307-6648
     Facsimile:   (202) 307-0054
6    E-mail:      guy.p.jennings@usdoj.gov

7    THOMAS M. ROHALL
     Special Trial Counsel, Tax Division
8    U.S. Department of Justice
     Telephone: (916) 974-5723
9
     Attorneys for United States of America
10

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE EASTERN DISTRICT OF CALIFORNIA

13   | UNICO SERVICES INC. | Civil No. 2:07-CV-01009-MCE-KJM |
14   |                     |                                 |
     |      Plaintiff,     |                                 |
15   |                     | **STIPULATION AND REQUEST FOR** |
     |        v.           | **ORDER PERMITTING FILING OF**  |
16   |                     | **COUNTERCLAIM**                |
     | THE UNITED STATES OF AMERICA, |                      |
17   |                     |                                 |
     |      Defendant.     |                                 |
18

19

20       Plaintiff, Unico Services Inc. ("Unico"), and defendant, United States of America, through

21   their respective attorneys, hereby stipulate and agree to this request for an Order permitting the

22   United States to file a counterclaim against Unico.

23       Unico filed this action for a refund of federal employment taxes, penalties, and interest

24   collected for the taxable periods ending June 30, 2000; September 30, 2000;  December 31,

25   2000; and September 30, 2001 (the "refund suit periods").  The Internal Revenue Service has

26   assessed additional tax liabilities against Unico for employment tax for quarters from 2001

27   through June 30, 2003.  Furthermore, the Service has assessed corporate income tax liabilities

28   against Unico for the taxable years ending June 30, 1998, through June 30, 2001.  All of the

                                        - 1 -

1    tax liabilities are related to the remuneration paid by Unico relating to Dean Gordon Potter

2    ("Potter"), therefore the United States contends that the proposed counterclaim arises from the

3    same transaction as the original claim.  Judicial economy would be served by hearing the

4    claims in one suit.

5          Unico, the plaintiff here, has been aware of the possibility that counsel for the United

6    States would be authorized to seek to reduce the additional assessments to judgment.  The

7    discovery period in this case is lengthy due to the complex subject matter.  This proceeding is

8    in its early stages and Unico is not prejudiced by the slight delay in filing this Counterclaim.

9    Unico does not oppose this request.

10         Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend shall be

11   freely given when justice so requires.  The United States respectfully requests that this Court

12   enter an order permitting the filing of a Counterclaim.  A proposed order is submitted herewith.

13                                            McGREGOR W. SCOTT
                                             United States Attorney
14
      Dated:  November 7, 2007              /s/ G. Patrick Jennings
15                                           G. PATRICK JENNINGS
                                             Trial Attorneys, Tax Division
16                                           United States Department of Justice
                                             P.O. Box 683, Ben Franklin Station
17                                           Washington, DC  20044-0683
                                             Telephone: (202) 307-6648
18
                                             Attorneys for the United States
19

20    Dated:  November 7, 2007                __/s/ John Gigounas__
21                                           JOHN GIGOUNAS
                                             Law Offices of John Gigounas
22                                           100 Pine Street, Suite 750
                                             San Francisco, CA 94111-5207
23
                                             Attorneys for plaintiff Unico
24

25

26

27

28

McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:   (202) 307-6648
Facsimile:   (202) 307-0054
E-mail:        guy.p.jennings@usdoj.gov

THOMAS M. ROHALL
Special Trial Counsel, Tax Division
U.S. Department of Justice
Telephone:  (916) 974-5723

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICO SERVICES INC. | Civil No. 2:07-CV-01009-MCE-KJM |
| Plaintiff, | |
| v. | **ORDER** |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

Having considered the stipulation of the parties, and good cause being shown, the Court

hereby grants the request as follows:

**IT IS ORDERED THAT** the United States is permitted to file a Counterclaim in this

action on or before November 16, 2007.

**IT IS SO ORDERED**.

Dated this_____day of November, 2007.

_____
MORRISON C. ENGLAND
United States District Judge

1　McGREGOR W. SCOTT
　United States Attorney

2

3　G. PATRICK JENNINGS
　Trial Attorneys, Tax Division
　U.S. Department of Justice

4　P.O. Box 683, Ben Franklin Station
　Washington, D.C.  20044-0683

5　Telephone:   (202) 307-6648
　Facsimile:    (202) 307-0054

6　E-mail:       guy.p.jennings@usdoj.gov

7　THOMAS M. ROHALL
　Special Trial Counsel, Tax Division

8　U.S. Department of Justice
　Telephone:  (916) 974-5723

9

　Attorneys for United States of America

10

11　　　　　　IN THE UNITED STATES DISTRICT COURT

12　　　　　FOR THE EASTERN DISTRICT OF CALIFORNIA

13　UNICO SERVICES INC.　　　　　　| Civil No. 2:07-CV-01009-MCE-KJM

14　　　　　　　Plaintiff,

15　　　　v.　　　　　　　　　　　　| **CERTIFICATE OF SERVICE**

16　THE UNITED STATES OF AMERICA,

17　　　　　　　Defendant.

18

19

20　　　　IT IS HEREBY CERTIFIED that service of the following documents:

21　　　1.　**STIPULATION AND REQUEST FOR ORDER PERMITTING FILING OF COUNTERCLAIM**

22　　　2.　**[proposed] ORDER**

23　　　3.　**CERTIFICATE OF SERVICE**

24　has been made this 8th day of November, 2007, by sending copies thereof by United States

25　Mail to:

26

27

28

- 1 -

1  JOHN GIGOUNAS
   Law Offices of John Gigounas
2  100 Pine Street, Suite 750
   San Francisco, CA 94111-5207
3
   Attorneys for plaintiff Unico
4

5              /s/  G. Patrick Jennings
               G. PATRICK JENNINGS
6              Trial Attorney, Tax Division
               U.S. Department of Justice
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 McGREGOR W. SCOTT
United States Attorney
2 G. PATRICK JENNINGS
Trial Attorneys, Tax Division
3 U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
4 Washington, D.C.  20044-0683
Telephone:   (202) 307-6648
5 Facsimile:    (202) 307-0054
E-mail:        guy.p.jennings@usdoj.gov
6
THOMAS M. ROHALL
7 Special Trial Counsel, Tax Division
U.S. Department of Justice
8 Telephone:  (916) 974-5723

9 Attorneys for United States of America

10

11                   IN THE UNITED STATES DISTRICT COURT

12              FOR THE EASTERN DISTRICT OF CALIFORNIA

13 UNICO SERVICES INC.                    Civil No. 2:07-CV-01009-MCE-KJM

14                    Plaintiff,
                                         **ORDER**
15           v.

16 THE UNITED STATES OF AMERICA,

17                    Defendant.

18

19

20        Having considered the stipulation of the parties, and good cause being shown, the Court

21 hereby grants the request as follows:

22        **IT IS ORDERED THAT** the United States is permitted to file a Counterclaim in this

23 action on or before November 16, 2007.

24        **IT IS SO ORDERED.**

25 Dated:  November 9, 2007

26                                        _____

27                                        MORRISON C. ENGLAND, JR.
                                          UNITED STATES DISTRICT JUDGE
28

                                        - 1 -

1  McGREGOR W. SCOTT
2  United States Attorney

3  G. PATRICK JENNINGS
   Trial Attorneys, Tax Division
4  U.S. Department of Justice
   P.O. Box 683, Ben Franklin Station
5  Washington, D.C. 20044-0683
   Telephone:   (202) 307-6648
6  E-mail:      guy.p.jennings@usdoj.gov

7
   THOMAS M. ROHALL
8  Special Trial Counsel, Tax Division
   U.S. Department of Justice
9  Telephone: (916) 974-5723

10
   Attorneys for United States of America
11

12              IN THE UNITED STATES DISTRICT COURT
13
              FOR THE EASTERN DISTRICT OF CALIFORNIA
14

15  UNICO SERVICES INC.,                    Civil No. 2:07-CV-01009-MCE-KJM

16                    Plaintiff,
                                            **UNITED STATES' COUNTERCLAIM**
17          v.

18  THE UNITED STATES OF AMERICA,
19
                      Defendant.
20

21  _____

22
23          The United States of America hereby brings this Counterclaim against Unico Services

24  Inc. ("Unico" or "plaintiff") and asserts as follows:

25                          **JURISDICTION AND VENUE**

26          1.      This counterclaim is brought at the direction of the Attorney General of the United

27  States and at the request and with the authorization of the Chief Counsel of the Internal
28

                                        - 1 -

Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

2.      The Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402, 7403 and 28 U.S.C. §§ 1340 and 1345.

3.      Venue is proper in the Eastern District of California under 28 U.S.C. §§ 1391(b) and 1396 because the tax liabilities of Unico at issue accrued within this judicial district.

**FACTS**

4.      Unico has also been known as Unico Industrial Service Co., Unico Services Co., Inc., and Unico Services, Inc., and for purposes of payroll taxes has used the Employer Identification Number of a wholly-owned subsidiary called Unico Replacement Parts, Inc. Reference to Unico in this counterclaim includes all its subsidiaries, which filed consolidated tax returns with Unico.  Unico is liable for the employment tax assessed against Unico Replacement Parts, Inc., and the assets of all subsidiaries are subject to the federal tax liens on Unico.

5.      For all quarters prior to January 1, 1998, Dean Gordon Potter ("Potter") was an employee of Unico, which reported, withheld, and paid (on Forms 941, 940 and W-2) federal employment taxes on wages paid to Potter.

**A.  Setting up the Offshore Employee Leasing Arrangement**

6.      After thirty years of owning and operating Unico as its key employee and Chief Executive Officer, Potter entered into a offshore employee leasing (OEL) arrangement designed to avoid taxes and transfer most of his compensation from Unico offshore.  The OEL Arrangement entered into effective January 1, 1998, was constructed by tax shelter promoters and required a series of simultaneous acts by Potter, Unico, and two companies specifically created for the OEL arrangement: a domestic leasing company called Release Me, Inc.

("Release Me") and a foreign employee leasing company called Pixley Services Ltd. ("Pixley"). Effective January 1, 1999, Pixley assigned its purported rights to Potter's services to a newly-formed Barbados entity, International Employee Services, Inc. ("IESI"). Effective April 15, 2000, Release Me purported to assign its contracts involving Potter to Fair Skys Corp. ("Fair Skys").

7.      Pursuant to the OEL Arrangement, Potter purportedly resigned from his longtime employment at Unico to become an employee of Pixley, an Irish entity. Potter in fact remained an employee of Unico after January 1, 1998, and throughout the periods at issue in this counterclaim.

8.      To further the OEL Arrangement, Potter purportedly entered into an employment contract with Pixley for rights to Potter's worldwide services. Pixley then purportedly transferred rights to Potter's services in the United States to Release Me, a Nevada corporation. Release Me then purportedly entered into a contract with Unico to provide Potter's services to Unico. The three contracts were drafted together by OEL arrangement promoters working for Potter, with each step controlled by Potter, and executed together as a single transaction. Potter was the only Unico worker covered by the OEL Arrangement.

9.      As the controlling shareholder and officer of Unico, Potter single-handedly executed the various documents on behalf of himself and Unico to implement the OEL Arrangement. No arms-length negotiations of Unico's agreement with Release Me took place; no one at Unico, other than Potter, was involved. No negotiations at all took place among Potter, Pixley, Release Me, IESI, or Fair Skys.

10.      The other officers and directors of Unico had no advance knowledge of Potter's OEL Arrangement nor were they immediately aware of Potter's purported transformation from a

Unico employee to a Pixley employee.  Unico and Potter did not inform any Unico customer, insurer or licensing agency that Potter was purportedly no longer Unico's employee.

11.    The OEL Arrangement was intended to withdraw Potter's compensation from Unico, and hide a portion of the compensation offshore.  While Ireland exchanges tax information with the United States, the Irish entity facilitating the OEL arrangement, upon receiving such funds, immediately transferred Potter's funds to accounts in other tax haven jurisdictions. The use of jurisdictions that engage in bank secrecy (offshore tax havens) was intended to impede any Internal Revenue Service ("IRS") examination of the OEL Arrangement.  The use of offshore tax havens was further intended to impede any IRS collection efforts.

### B.  Operating the Offshore Employee Leasing Arrangement.

12.    During the OEL arrangement, Potter continued his role as Chief Executive Officer and key worker of Unico; Potter continued to manage the operations of the business; and Potter continued to perform the same duties that he had performed for the prior thirty years.

13.    Under the OEL Arrangement during the periods at issue, Unico compensated Potter for his services to Unico through payments for "outside services" made to Release Me (and later Fair Skys – see below).  Release Me / Fair Skys retained a fee, paid a portion of those funds to Potter as Form W-2 wages, and transferred the remainder offshore to Pixley (later IESI – see below).  Upon Pixley's receipt of the funds, Pixley retained a percentage of the funds as a fee, and then transferred the remainder through a series of accounts to Namur Holdings, Inc., a foreign corporation formed in Nevis Island, an offshore tax haven, and later formed in the Cayman Islands, an offshore tax haven.  Namur was also organized by the OEL Arrangement promoters for Potter's benefit.

14.     Effective January 1, 1999, Pixley assigned its purported rights to Potter's services to a newly-formed Barbados entity, International Employee Services, Inc. ("IESI"). Effective April 15, 2000, Release Me purported to assign its contracts involving Potter to Fair Skys Corp. ("Fair Skys"). After the assignments, the transfers of Potter's compensation continued in the same manner as set forth above.

15.     Pixley / IESI and Release Me / Fair Skys (the purported "leasing companies") were shell companies that merely acted as conduits to facilitate the transfer of remuneration from Unico to Potter under the OEL Arrangement.

16.     After entering into this sham OEL Arrangement, Potter continued to provide substantially the same services for Unico that he provided before entering into this scheme. These services included his duties as the Chief Executive Officer and as the key engineering employee.

17.     Only Unico, through its President and key employee Potter, directed and controlled Potter's work activities throughout the OEL Arrangement. An agent or employee of Pixley / IESI or Release Me / Fair Skys (1) did not direct or control Potter's work (2) did not set hours for Potter's work, (3) did not provide tools or premises for Potter's work, (4) did not have authority to hire or fire Potter, (5) did not have authority to discipline Potter, (6) and did not assign, supervise or review Potter's work. Potter, Unico, and the leasing companies did not represent to third parties, including licensing authorities, that Potter had become an employee of a leasing company. The true risks and rewards of Potter's work activities belonged to Potter and his wholly-owned corporation.

18.     Throughout the OEL arrangement, Potter was continually listed as the Responsible Managing Officer for Unico's Class A Engineering Contractor's License with the

State of California Contractors License Board, and Unico depended upon Potter for

qualification of Unico's Class A Engineering License through the state of California.  As Unico's

Responsible Managing Officer, Potter was responsible for direct supervision and control of

Unico's operations as needed to secure full compliance with the applicable laws, rules, and

regulations relating to construction operations; Potter was responsible for Unico's construction

operations, incurring liability risk; and Potter was legally prohibited from holding any other

active Contractor's license.

19.    Beginning in 1998, Unico made sporadic payments to Release Me / Fair Skys.

The payments were initiated by Potter without invoices from Release Me / Fair Skys. Potter

unilaterally determined the amounts to be paid, and Potter directed that the payments be made

through a series of cashier's checks rather than through Unico's ordinary vendor payment

system.

20.    The structure of the OEL Arrangement had no independent business purpose

other than to avoid employment and income tax.

### C. Retention of the Offshore Transfers by Potter

21.    As part of the overall arrangement, the OEL arrangement promoters working for

Potter drafted and caused to be executed various trusts, transfers, and lines of credit.  The

trust scheme was primarily intended to conceal Potter's control of the compensation

transferred offshore.  The trust scheme was deliberately complex and used offshore tax

havens with the intent to impede the IRS.

22.    Potter settled a domestic irrevocable life insurance trust called the Dean Gordon

Potter Irrevocable Trust ("ILIT").  Marvin Kauffman, Potter's most immediate subordinate at

Unico, was named as Trustee.  The beneficiaries of the ILIT are Potter's spouse, Carol

Monahan, and Potter's four children from a prior marriage: Jennifer Elaine Kessler, Michael

Anthony Potter, Randall Gordon Potter, and Elisha Marie Potter.

23.     As part of the same scheme, the ILIT settled the Portera Trust ("Portera"), an

offshore asset protection trust situated in Nassau, Bahamas.  The beneficiary of Portera is the

ILIT (or Carol Monahan, Jennifer Elaine Kessler, Michael Anthony Potter, Randall Gordon

Potter and Elisha Marie Potter).  CIBC Trust Company (Bahamas) Ltd. was named as the

Trustee for Portera.  Marvin Kauffman was named as Portera's Protector.  However, Potter

was specifically given the overall power to appoint a new protector at will.  Kauffman was acting

as a nominee and alter ego of Potter to conceal Potter's control of the ILIT and CIBC.

24.     By the terms of the Trust instrument, the actions of CIBC, the Trustee, were at all

times subject to "Necessary Sanction", that is, "the written consent of the Protector."  The

offshore asset protection trust then invested funds in an international business corporation

("IBC"), such as Namur Holdings, Ltd (see below).  Through this arrangement Potter caused

Unico to transfer substantial funds through various pre-arranged offshore conduits to financial

accounts titled to Namur, which Potter controlled.

25.     Kauffman retired from Unico in late 1998 and ceased being the Trustee of the

ILIT on or before April 1999.  As of April 1999, Timothy Boe, at Potter's request, replaced

Kauffman as Trustee.  Boe was a longtime acquaintance of and tenant of Potter.  Boe was

unaware of Trustee responsibilities or that he was named as the agent of Portera.  Boe was

acting as a nominee and alter ego of Potter to conceal Potter's control of the ILIT.

26.     Almost immediately after Portera was formed, Portera secured a life insurance

policy covering the life of Potter. The policy invested in several sub-accounts, one of which was

the international business corporation formed in Nevis called Namur Holdings Ltd. ("Namur Nevis").

27.     Namur Nevis was later reformed in the Caymans as Namur Holdings Inc. or "Namur Cayman."  Namur Nevis was formed in Nevis on December 31, 1997.  The formation of Namur Nevis and Namur Cayman was part of the same scheme.

28.     Potter purported to "sell" 10,000 shares of Unico stock (twenty percent of Unico's total outstanding shares) to Namur Nevis in exchange for a purportedly unfunded and unsecured Private Annuity policy from Namur Nevis.

29.     Although Namur Nevis purports to be a shareholder in Unico, it took no role in any of the Unico activities.  No evidence exists to indicate that Namur Nevis (or its successor entity, Namur Cayman) ever received shareholder voting materials from Unico or has ever voted its shares at any Shareholder Meeting that occurred from January 1, 1998, through May 2003.  Further, no other corporate officer or family member was aware of the Private Annuity transaction and Namur Nevis' stock ownership until it was revealed to them in the course of the income tax examination.

30.     Potter, directly or indirectly, retained ownership and control over the 10,000 Unico shares he "sold" to Namur Nevis.

31.     Potter, directly or indirectly, exercised control over ILIT, Portera, CIBC, and Namur Nevis / Namur Cayman at all relevant time periods.

32.     Potter, directly or indirectly, exercised ownership and control over funds held by ILIT, Portera, and Namur Nevis / Namur Cayman at all relevant time periods.

33.     Potter retained ownership and control, directly or indirectly, over funds sent from Unico to Release Me / Fair Skys, funds sent from Release Me / Fair Skys to Pixley / IESI, and

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

funds sent from Pixley / IESI to Namur Holdings, Inc., at all relevant time periods. Potter had

access to the funds transferred without substantial limitations or restrictions, and Potter had no

substantial risk of forfeiture of the funds.

### D.  Tax Treatment of Offshore Transfers.

34.    Unico was required by law to withhold Potter's individual income tax from the

remuneration transferred to Pixley / IESI (the "Offshore Transfers").  Unico did not withhold

Potter's individual income tax from the Offshore Transfers to Pixley and IESI.

35.    Unico deducted all compensation transferred to Release Me and Fair Skys as a

business expense, reducing the amount of the corporate income tax Unico reported.  Unico

stipulated that it owed additional corporate income tax in United States Tax Court cases, but

did not stipulate with respect to the character of the underlying transaction.  Unico would be

entitled to deduct such amounts only when such amounts are included or includable in the

income of Potter.

36.    During the OEL Arrangement, Potter did not report the amounts transferred in the

Offshore Transfers as taxable income.

### I

### FEDERAL EMPLOYMENT TAX ASSESSMENTS
### AGAINST UNICO

37.    The United States incorporates the allegations contained in paragraphs 1 through

36.

38.    The United States brings this counterclaim to reduce to judgment federal

employment tax assessments against Unico.  Employment taxes are reported on IRS Form

941 and include Federal Insurance Contributions Act ("FICA" or Social Security) tax and

income tax withheld from the wages of employees.

1    39.    The payments Unico made under the OEL Arrangement to Release Me / Fair

2   Skys, including the Offshore Transfers to Pixley / IESI, were wages paid by Unico to Potter.

3    40.    Unico did not withhold Potter's individual income tax from the amounts

4   transferred in the Offshore Transfers or deposit it with financial institutions.

5

6    41.    A delegate of the Secretary of the Treasury made assessments against Unico, for

7   federal employment taxes, penalties, and other statutory additions for the tax periods listed

8   below in the amounts listed below on the dates listed below.

| Tax Period Ending | Type of Tax | Assessment Date | Amount Assessed | |
|---|---|---|---|---|
| June 30, 2001 | 941 | 8/2/2005 | $210,819.60<br>$1,440.98<br>$42,163.92<br>$60,529.39 | (employment taxes)<br>(§6656 penalty)<br>(§6662 penalty)<br>(interest) |
| September 30, 2001 | 941 | 8/2/2005 | $4,073.15<br>$19.11<br>$814.63<br>$1,063.55 | (employment taxes)<br>(§6656 penalty)<br>(§6662 penalty)<br>(interest) |
| December 31, 2001 | 941 | 8/2/2005 | $76,000<br>$362.50<br>$15,200<br>$17,994.94 | (employment taxes)<br>(§6656 penalty)<br>(§6662 penalty)<br>(interest) |
| June 30, 2002 | 941 | 8/7/2006 | $90,659.60<br>$914.92<br>$18,131.92<br>$27,153.13 | (employment taxes)<br>(§6656 penalty)<br>(§6662 penalty)<br>(interest) |
| September 30, 2002 | 941 | 8/7/2006 | $8,317.99<br>$40.34<br>$1,663.60<br>$2,293.23 | (employment taxes)<br>(§6656 penalty)<br>(§6662 penalty)<br>(interest) |
| December 31, 2002 | 941 | 8/7/2006 | $85,065.50<br>$412.53<br>$1,703.10<br>$18,428.25 | (employment taxes)<br>(§6656 penalty)<br>(§6662 penalty)<br>(interest) |

| June 30, 2003 | 941 | 7/23/2007 | $116,128.91 (employment taxes)<br>$1,086.87 (§6656 penalty)<br>$52,434.85 (interest) |
|---|---|---|---|
| | | 7/31/2007 | $23,225.78 (§6662 penalty) |

42.     Proper notice has been given to Unico and demand for payment of these assessments has been made.

43.     Despite timely notice and demand for payment of the assessments described in paragraph 41, Unico has neglected, failed, or refused to pay fully these assessments, which amount to an unpaid balance of $1,099,315.06 as of October 30, 2007, plus additional interest according to law until paid.

## II

## FEDERAL CORPORATE INCOME TAX ASSESSMENTS
## AGAINST UNICO

44.     The United States incorporates the allegations contained in paragraphs 1 through 43.

45.     The United States brings this counterclaim to reduce to judgment federal corporate income tax assessments against Unico.

46.     A delegate of the Secretary of the Treasury made assessments against Unico, for federal corporate income taxes, penalties, and other statutory additions for the tax periods listed below in the amounts listed below on the dates listed below.

| Tax Period Ending | Type of Tax | Assessment Date | Amount Assessed |
|---|---|---|---|
| June 30, 1998 | 1120 | 9/22/2006 | $188,919      (corporate income tax)<br>$37,784      (§6662 penalty)<br>$148,001.50 (interest) |
|  |  | 6/25/2007 | $66,362.70   (interest) |
| June 30, 1999 | 1120 | 9/22/2006 | $171,895      (corporate income tax)<br>$34,379      (§6662 penalty)<br>$111,400.95 (interest) |
|  |  | 6/25/2007 | $42,055.38   (interest) |
| June 30, 2000 | 1120 | 9/22/2006 | $58,500      (corporate income tax)<br>$11,700      (§6662 penalty)<br>$28,143.32   (interest) |
|  |  | 6/25/2007 | $7,378.43    (interest) |
| June 30, 2001 | 1120 | 9/22/2006 | $370,909      (corporate income tax)<br>$74,182      (§6662 penalty)<br>$133,797.83 (interest) |
|  |  | 6/25/2007 | $65,248.30   (interest) |

47.    Proper notice has been given to Unico and demand for payment of these assessments has been made.

48.    Despite timely notice and demand for payment of the assessments described in paragraph 46 above, Unico has neglected, failed, or refused to pay fully these assessments, which amount to an unpaid balance of $1,615,521.06 as of October 30, 2007, plus additional interest that continues to accrue according to law until paid.

49.    Unico cannot challenge the amount of the federal income tax liabilities assessed for tax years 1998, 1999, 2000, and 2001 under the doctrine of res judicata because those tax liabilities were adjudicated by final order and decision of the United States Tax Court.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III

### ENFORCEMENT OF FEDERAL TAX LIENS

### ON ALL PROPERTY OF UNICO

50.     The United States incorporates the allegations contained in paragraphs 1 through 49.

51.     The United States brings this counterclaim to enforce federal tax liens on all property and rights to property of Unico.

52.     Pursuant to 26 U.S.C. §§ 6321 and 6322, liens arose in favor of the United States on the dates of the assessments set forth above, and attached to all property and rights to property of Unico.

53.     On or about February 6, 2006, a delegate of the Secretary of Treasury recorded with the California Secretary of State, a Notice of Federal Tax Lien for the outstanding employment tax liabilities of Unico for assessments made against it for the quarters ending June 30, 2001, and December 31, 2001.

54.     On or about March 14, 2006, a delegate of the Secretary of Treasury recorded with the Office of the County Recorder, Solano County, California, a Notice of Federal Tax Lien for the outstanding employment tax liabilities of Unico for assessments made against it for the quarters ending June 30, 2001, and December 31, 2001.

55.     On or about December 22, 2006, a delegate of the Secretary of Treasury recorded with the California Secretary of State, a Notice of Federal Tax Lien for the outstanding employment tax liabilities of Unico for assessments made against it for the quarters ending June 30, 2002, September 30, 2002, and December 31, 2002.

56.     On or about December 28, 2006, a delegate of the Secretary of Treasury recorded with the Office of the County Recorder, Solano County, California, a Notice of Federal

Tax Lien for the outstanding employment tax liabilities of Unico for assessments made against it for the quarters ending June 30, 2002, September 30, 2002, and December 31, 2002.

57.    On or about May 22, 2007, a delegate of the Secretary of Treasury recorded with the California Secretary of State, a Notice of Federal Tax Lien for the outstanding corporate income tax liabilities of Unico for assessments made against it for the tax years ending June 30, 1998, June 30, 1999, June 30, 2000, and June 30, 2001.

58.    On or about May 22, 2007, a delegate of the Secretary of Treasury recorded with the Office of the County Recorder, Contra Costa, California, a Notice of Federal Tax Lien for the outstanding corporate income tax liabilities of Unico for assessments made against it for tax years ending June 30, 1998, June 30, 1999, June 30, 2000, and June 30, 2001.

59.    On or about May 24, 2007, a delegate of the Secretary of Treasury recorded with the Office of the County Recorder, Solano County, California, a Notice of Federal Tax Lien for the outstanding corporate income tax liabilities of Unico for assessments made against it for tax years ending June 30, 1998, June 30, 1999, June 30, 2000, and June 30, 2001.

**WHEREFORE** the United States, Defendant and Counter-claimant, prays as follows:

A.    That the Court find, determine, and adjudge that the OEL arrangement should be disregarded for tax purposes;

B.    That the Court find, determine, and adjudge that Dean Gordon Potter was the employee of Unico at all relevant time periods;

C.    That the Court find, determine, and adjudge that the transfers from Unico to Release Me / Fair Skys were wages to Potter subject to employment tax;

D.    That the Court find, determine, and adjudge, in the alternative, if the transfers

were not wages, that the transfers were income to Potter and were currently includable in Potter's income;

E.    That the Court enter judgment against Unico and in favor of the United States on the first claim of the Counterclaim in the amount of $1,099,315.06, plus statutory interest accruing from October 30, 2007;

F.    That the Court enter judgment against Unico and in favor of the United States on the second claim of the Counterclaim in the amount of $1,615,521.06, plus statutory interest accruing from October 30, 2007;

G.    That the Court order that the United States' tax liens based on Unico's tax liabilities and encumbering Unico's assets be foreclosed pursuant to 26 U.S.C. § 7403;

H.    That the United States be granted its fees and costs, and such other and further relief as the Court deems just and proper.

Dated: November 14, 2007

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

 /s/ G. Patrick Jennings
G. PATRICK JENNINGS
Trial Attorneys, Tax Division
U.S. Department of Justice

Attorneys for the United States of America

McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:   (202) 307-6648
Facsimile:   (202) 307-0054
E-mail:       guy.p.jennings@usdoj.gov

THOMAS M. ROHALL
Special Trial Counsel, Tax Division
U.S. Department of Justice
Telephone: (916) 974-5723

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICO SERVICES INC.<br><br>        Plaintiff,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA,<br><br>        Defendant. | Civil No. 2:07-CV-01009-MCE-KJM<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that service of the following documents:

1.   **UNITED STATES' COUNTERCLAIM**

2.   **CERTIFICATE OF SERVICE**

has been made this 16th day of November, 2007, by sending copies thereof by United States

Mail to:

- 1 -

1 | JOHN GIGOUNAS
2 | Law Offices of John Gigounas
    100 Pine Street, Suite 750
3 | San Francisco, CA 94111-5207
4 | Attorneys for plaintiff Unico

5 |                         /s/  G. Patrick Jennings
6 |                         G. PATRICK JENNINGS
                            Trial Attorney, Tax Division
7 |                         U.S. Department of Justice

1  John Gigounas  SBN (42822)
   Gerald A. Holmes SBN (59515)
2  100 Pine Street, Suite 750
   San Francisco, CA 94111
3  Telephone: (415) 391-4900
   Facsimile: (415) 296-7894
4  john@gigounaslaw.com
5
   Attorneys for UNICO Services Inc.
6

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11  UNICO SERVICES INC.,                )   CIVIL NO. 2:07-CV-01009-MCE-KJM
                                        )
12      Plaintiff and Counterdefendant, )
                                        )
13                                      )   **ANSWER TO UNITED STATES'**
        v.                              )   **COUNTERCLAIM**
14                                      )
    UNITED STATES OF AMERICA,           )
15                                      )
        Defendant and Counterclaimant.  )
16                                      )
                                        )
17                                      )
    _____)
18

19          Counterdefendant, UNICO SERVICES INC. answers the Counterclaim as follows:

20          1.      Admits the allegations of paragraph 1.

21          2.      Admits the allegations of paragraph 2.

22          3.      Admits the allegations of paragraph 3.

23          4.      Admits the allegations of the first sentence of paragraph 4; denies the allegations

24  of the last sentence of paragraph 4.

25          5.      Denies the allegations of paragraph 5.

26          6.      Admits that Potter entered into an offshore employee leasing program with Pixley

27  and that Pixley assigned its rights to IESI.  Also admits that there were two United States leasing

28  companies named ReleaseMe and Fair Skys.  Denies the remaining allegations of paragraph 6.

*Law Offices of*
*Simpson & Gigounas*
*100 Pine Street #750*
*San Francisco, CA 94111*
*(415) 391-4900*

                                          1
**ANSWER TO COUNTERCLAIM**

1    7.    Admits that Potter resigned as an employee of UNICO and became an employee

2    of Pixley.  Denies the remaining allegations of paragraph 7.

3    8.    Admits that Potter entered in a contract with Pixley for his worldwide services

4    and that Pixley transferred Potter's services in the United States to ReleaseMe, a Nevada

5    Corporation.  Further admits that ReleaseMe entered into a contract with UNICO to provide

6    Potter's services.  Denies the remaining allegations of paragraph 8.

7    9.    Denies the allegations of paragraph 9.

8    10.    Answering paragraph 10, Counterdefendant is without sufficient knowledge or

9    information to form a belief as to the truth of the allegations contained in paragraph 10, and on

10    that basis denies each and every allegation of paragraph 10.

11    11.    Denies the allegations of paragraph 11.

12    12.    Admits that Potter continued to manage the operation of UNICO pursuant to his

13    contract with Pixley.  Denies the remaining allegations of paragraph 12.

14    13.    Admits that UNICO made payments for Potter's services to ReleaseMe and Fair

15    Skys pursuant to contract, and that ReleaseMe and Fair Skys retained a fee, paid Potter for his

16    services in the form W-2 wages and transferred the remainder to Pixley/IESI.  Counterdefendant

17    is without sufficient knowledge or information to form a belief as to the truth of the balance of

18    the allegations contained in paragraph 13, and on that basis denies the remaining allegations of

19    paragraph 13.

20    14.    Admits that Pixley assigned its contract rights to IESI on or about January 1, 1999

21    and that ReleaseMe assigned its contract rights to Fair Skys on or about April 15, 2000 and that

22    Potter's compensation remained the same.  Denies the remaining allegations of Paragraph 14.

23    15.    Denies the allegations of paragraph 15.

24    16.    Denies the allegations of paragraph 16.

25    17.    Denies the allegations of paragraph 17.

26    18.    Admits that Potter was listed as Responsible Managing Officer for UNICO's

27    Class A engineering contractor's license with the State of California.  Denies the remaining

28    allegations of paragraph 18.

*Law Offices of*
*Simpson & Gigounas*
*100 Pine Street #750*
*San Francisco, CA 94111*
(415) 391-4900

2

**ANSWER TO COUNTERCLAIM**

19.     Denies the allegations of paragraph 19.

20.     Denies the allegations of paragraph 20.

21.     Denies the allegations of paragraph 21.

22.     Admits the allegations of paragraph 22.

23.     Admits that the beneficiaries of the Portera trust are Carol Monahan, Jennifer Elaine Kessler, Michael Anthony Potter, Randall Gordon Potter, and Elisha Marie Potter and that CIBC Trust Company Ltd. was named as a trustee.  Further admits that Marvin Kauffman was named as Protera's Protector.  Denies the remaining allegations of paragraph 23.

24.     Denies the allegations of paragraph 24.

25.     Admits that Kauffman retired from UNICO and ceased being Trustee of ILIT and further admits that Timothy Boe, a long time acquaintance of Potter, replaced Kauffman as Trustee.  Denies the remaining allegations of paragraph 25.

26.     Admits that Portera secured a life insurance policy on the life of Potter and that Portera invested in a corporation formed in Nevis called Namur Holdings, Inc.  Denies the remaining allegations of paragraph 26.

27.     Admits the first two sentences of paragraph 27.  Denies the remaining allegations of paragraph 27.

28.     Admits that Potter transferred 10,000 shared of UNICO stock to Namur Nevis in exchange for an unfunded and unsecured private annuity.  Denies the remaining allegations of paragraph 28.

29.     Denies the allegations of paragraph 29.

30.     Denies the allegations of paragraph 30.

31.     Denies the allegations of paragraph 31.

32.     Denies the allegations of paragraph 32.

33.     Denies the allegations of paragraph 33.

34.     Denies the allegations of paragraph 34.

*Law Offices of*
*Simpson & Gigounas*
*100 Pine Street #750*
*San Francisco, CA 94111*
(415) 391-4900

3

**ANSWER TO COUNTERCLAIM**

35.    Admits that UNICO deducted all payments contracted to ReleaseMe and Fair Skys, and that UNICO stipulated to tax deficiencies for the years 1998 through 2001. Denies the remaining allegations of paragraph 35.

36.    Admits that Potter did not report as taxable income amounts transferred to IESI. Denies the remaining allegations of paragraph 36.

37.    Admits that the U.S. incorporated the allegations continued in paragraph 1 through 36.

38.    Admits the allegations of paragraph 38.

39.    Denies the allegations of paragraph 39.

40.    Admits that no withholding of employment taxes were made by UNICO for payments made by ReleaseMe and Fair Skys to IESI.

41.    (a) Admits that the Secretary of the Treasury made assessments of employment tax for the periods ending June 30, 2001 and December 31, 2001 as alleged. Counterdefendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of the amounts assessed and on that basis denies that the amounts of the assessments are correct. Further denies that UNICO is liable for any employment taxes as assessed because the Secretary of the Treasury has not allowed UNICO any employment tax deductions for Potter.

(b) Admits that the Secretary of the Treasury assessed employment taxes for the period ending September 30, 2001 in the amount of $4,073.15. Alleges that the amount has been paid and is at issue in the Counterdefendant's refund suit.

(c) Admits that the Secretary of Treasury assessed employment taxes for the periods ending June 30, 2002, September 30, 2002 and December 31, 2002. Alleges that the assessments are currently being challenged in a collection due process hearing (CDP). Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of amounts assessed and on that basis denies that the assessments are correct. Further denies that UNICO is liable for any employment taxes as assessed because the Secretary of the Treasury has not allowed UNICO any employment tax deductions for Potter.

Law Offices of
Simpson & Gigounas
100 Pine Street #750
San Francisco, CA 94111
(415) 391-4900

4

ANSWER TO COUNTERCLAIM

1           (d) UNICO alleges that it is without sufficient knowledge or information to form

2  a belief as to the truth of the allegation that employment taxes for the period June 30, 2003, have

3  been assessed in any amount and on that basis denies that employment taxes for the period

4  ending June 30, 2003, have been assessed in any amount.  Further denies that UNICO is liable

5  for any employment taxes as assessed because the Secretary of the Treasury has not allowed

6  UNICO any employment tax deductions for Potter.

7          42.     Denies the allegations of paragraph 42.

8          43.     Denies thea llegations of paragraph 43.

9          44.     Admits that the United States incorporated the allegations contained in paragraphs

10  1 through 43.

11          45.     Admits the allegations of paragraph 45.

12          46.     Admits that the Secretary of the Treasury made assessments for corporate income

13  taxes for the periods ending June 30, 1998, June 30, 1999, June 30, 2000, and June 30, 2001.

14  Counterdefendant is without sufficient knowledge or information to form a belief as to the truth

15  of the allegations of the amounts assessed and on that basis denies the accuracy of the allegations

16  that the amounts assessed are correct.

17          47.     Denies the allegations of paragraph 47.

18          48.     Denies the allegations of paragraph 48.

19          49.     Admits that UNICO's liability for the tax years 1998, 1999, 2000 and 2001

20  cannot be challenged.  Counterdefendant is without sufficient knowledge or information to form

21  a belief as to the truth of the allegation as to the amount of tax, penalty and interest that have

22  been assessed, and on that basis denies the accuracy of the allegation that the amounts assessed

23  are correct.

24          50.     Admits that the United States incorporated the allegations contained in paragraphs

25  1 through 49.

26          51.     Admits the allegations of paragraph 51.

27          52.     Admits that liens arose in favor of the United States on the dates of the valid

28  assessments which attached to all property and rights to property of UNICO.

*Law Offices of*
*Simpson & Gigounas*
*100 Pine Street #750*
*San Francisco, CA 94111*
(415) 391-4900

5

**ANSWER TO COUNTERCLAIM**

53.     UNICO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 53 and on that basis denies all the allegations of paragraph 53.

54.     UNICO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 54 and on that basis denies all the allegations of paragraph 54.

55.     UNICO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 55 and on that basis denies all the allegations of paragraph 55.

56.     UNICO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 56 and on that basis denies all the allegations of paragraph 56.

57.     UNICO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 57 and on that basis denies all the allegations of paragraph 57.

58.     UNICO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 58 and on that basis denies all the allegations of paragraph 58.

59.     UNICO is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 59 and on that basis denies all the allegations of paragraph 59.

<u>DEFENSES</u>

1.     The United States has failed to state a claim upon which relief can be granted as to all its claims for relief.

2.     That the Court lacks juridiction over the assessments made for the periods ending June 30, 2002, September 30, 2002, and December 31, 2002 on the basis that UNICO is in the process of holding a collection due process hearing as allowed by §6320 and of the Internal Revenue Code, which can be challenged in the United States Tax Court.

*Law Offices of*
*Simpson & Gigounas*
*100 Pine Street #750*
*San Francisco, CA 94111*
(415) 391-4900

6

**ANSWER TO COUNTERCLAIM**

3.    That the Court lacks jurisdiction over the alleged assessment for the period ending June 30, 2003, because the Secretary of the Treasury has failed to send the required notice as required by IRC §§6320 and 6330.

4.    That the $4,073.15 for the period September 30, 2001, has been paid and UNICO is entitled to a refund of that amount.

5.    That UNICO is not liable for any employment taxes as alleged for Potter because the Secretary of the Treasury has not allowed any deductions for alleged payments to Potter as salary.

WHEREFORE, UNCIO prays as follows:

(a)    That the United States take nothing by its counterclaim;

(b)    That the Court determine that UNICO is entitled to its refund as claimed;

(c)    That UNICO does not owe employment taxes as claimed;

(d)    That the Court lacks jurisdictions over the alleged enforcement taxes for all periods;

(e)    For costs incurred; and

(f)    For such other and further relief as the Court deems just and proper.

Date:    November 28, 2007                    /s/ John Gigounas
                                             John Gigounas
                                             Attorney for UNICO Services Inc.

Law Offices of
Simpson & Gigounas
100 Pine Street #750
San Francisco, CA 94111
(415) 391-4900

7

ANSWER TO COUNTERCLAIM

John Gigounas  SBN (42822)
Gerald A. Holmes SBN (59515)
100 Pine Street, Suite 750
San Francisco, CA 94111
Telephone: (415) 391-4900
Facsimile: (415) 296-7894
holmesauthor@mindspring.com

Attorneys for Debtor

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICO SERVICES INC., | Case No.: 2:07-CV-01009-MCE-KJM |
| Plaintiff and Counterdefendant, | **CERTIFICATE OF SERVICE** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant and Counterclaimant. | |

## <u>CERTIFICATE OF SERVICE</u>

I, Katie Ramos, declare:

I am employed in the City and County of San Francisco, State of California.  I am over the age of eighteen and not a party to nor interested in the within action.  My business address is 100 Pine Street, Suite 750, San Francisco, California 94111.  On November 28, 2007, I served a true and correct copy of the within:

**ANSWER TO UNITED STATES' COUNTERCLAIM**

via U.S. Mail to the addressee as follows:

Law Offices of
Simpson & Gigounas
100 Pine Street #750
San Francisco, CA
94111
(415) 391-4900

CERTIFICATE OF SERVICE

1

1  Office of Chief Counsel (SBSE)
   Thomas M. Rohall, Esq.
2  4330 Watt Ave., Suite 470
   Stop No. SA 2801
3  Sacramento, CA 95821-7012

4
   G. Patrick Jennings, Esq.
5  Trial Attorney, Tax Division
   U.S. Department of Justice
6  PO Box 683, Ben Franklin Station
   Washington, D.C. 20044-0683
7

8
   I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited
9  with the United States Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of
   business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than
   one day after date of deposit for mailing in affidavit.
10

11         I declare under penalty of perjury under the laws of the State of California that the

12  foregoing is true and correct.

13         Executed at San Francisco, California, this 28th day of November 2007.

14

15                              /s/ Katie L. Ramos
                                Katie L. Ramos
16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
Simpson & Gigounas
100 Pine Street #750
San Francisco, CA 94111
(415) 391-4900

2

NOTICE OF CHANGE OF STATUS CONFERENCE

1  McGREGOR W. SCOTT
   United States Attorney
2
   G. PATRICK JENNINGS
3  ADAIR F. BOROUGHS
   Trial Attorneys, Tax Division
4  U.S. Department of Justice
   P.O. Box 683, Ben Franklin Station
5  Washington, D.C.  20044-0683
   Telephone:    (202) 307-6648
6                (202) 305-7546
   E-mail:    guy.p.jennings@usdoj.gov
7             adair.f.boroughs@usdoj.gov

8  THOMAS M. ROHALL
   Special Trial Counsel, Tax Division
9  U.S. Department of Justice
   4330 Watt Ave., Suite 470
10 Stop No. SA 2801
   Sacramento, CA 95821-7012
11 Tel No. (916) 974-5700
   Fax No. (916) 974-5732
12
13 Attorneys for United States of America

14              IN THE UNITED STATES DISTRICT COURT

15            FOR THE EASTERN DISTRICT OF CALIFORNIA

16
   UNICO SERVICES INC.,              )    Civil No. 2:07-CV-01009-MCE-KJM
17                                    )
                Plaintiff,            )
18                                    )    **NOTICE OF APPEARANCE**
           v.                         )
19                                    )
                                      )
20 THE UNITED STATES OF AMERICA,      )
                                      )
21              Defendant.            )
   _____)
22

23        PLEASE TAKE NOTICE that Adair Boroughs, Trial Attorney, United States Department of

24 Justice, hereby enters her appearance as counsel for the United States of America (the "United States"),

25 and hereby requests notice in this case.

26

27 //

28 //

1   Respectfully submitted this 21st day of December, 2007.

2

3                                             McGREGOR W. SCOTT
                                            United States Attorney

4

5                                  By:     /s/ Adair Boroughs____
                                            ADAIR BOROUGHS

6                                             G. PATRICK JENNINGS
                                            Trial Attorneys, Tax Division

7                                             U.S. Department of Justice

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
ADAIR F. BOROUGHS
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:     (202) 307-6648
                        (202) 305-7546
E-mail:       guy.p.jennings@usdoj.gov
                   adair.f.boroughs@usdoj.gov

THOMAS M. ROHALL
Special Trial Counsel, Tax Division
U.S. Department of Justice
4330 Watt Ave., Suite 470
Stop No. SA 2801
Sacramento, CA 95821-7012
Tel No. (916) 974-5700
Fax No. (916) 974-5732

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNICO SERVICES INC., | ) | Civil No. 2:07-CV-01009-MCE-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **UNITED STATES' NOTICE OF MOTION** |
| v. | ) | **AND UNOPPOSED MOTION TO** |
| | ) | **TRANSFER VENUE PURSUANT TO 28** |
| | ) | **U.S.C. § 1402(a)(2)** |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | Date: January 25, 2008 |
| Defendant. | ) | Time: 9:00 A.M. |
| | ) | Place: Courtroom 3, 15th Floor |
| | | Before: Judge Morrison C. England, Jr. |

PLEASE TAKE NOTICE THAT the United States of America will bring a Motion to Transfer

Venue Pursuant to 28 U.S.C. §1402(a)(2) for hearing before the Honorable Morrison C. England, Jr.,

United States District Judge, in Courtroom 3, 15th Floor of the United States Courthouse located at 501

I Street, Sacramento, California, on January 25th, 2008, at 9:00 A.M., or soon thereafter.

//

//

1      Defendant, the United States of America, by its undersigned attorneys, hereby moves this Court,

2  pursuant to 28 U.S.C. § 1402(a)(2), to transfer this matter to the District Court for the Northern District

3  of California, Oakland Division.  A memorandum in support of the motion is filed herewith.

4

5                                       McGREGOR W. SCOTT

6                                       United States Attorney

7

Dated:  December 21, 2007            /s/ Adair Boroughs

8                                       ADAIR BOROUGHS

9                                       G. PATRICK JENNINGS

                                        Trial Attorneys, Tax Division

10                                    U.S. Department of Justice

11                                 Attorneys for the United States of America

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
ADAIR F. BOROUGHS
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:    (202) 307-6648
              (202) 305-7546
E-mail:       guy.p.jennings@usdoj.gov
              adair.f.boroughs@usdoj.gov

THOMAS M. ROHALL
Special Trial Counsel, Tax Division
U.S. Department of Justice
4330 Watt Ave., Suite 470
Stop No. SA 2801
Sacramento, CA 95821-7012
Tel No. (916) 974-5700
Fax No. (916) 974-5732

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNICO SERVICES INC., | ) | Civil No. 2:07-CV-01009-MCE-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **UNITED STATES' NOTICE OF MOTION** |
| v. | ) | **AND UNOPPOSED MOTION TO** |
| | ) | **TRANSFER VENUE PURSUANT TO 28** |
| | ) | **U.S.C. § 1402(a)(2)** |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | Date: January 25, 2008 |
| Defendant. | ) | Time: 9:00 A.M. |
| | ) | Place: Courtroom 3, 15th Floor |
| | | Before: Judge Morrison C. England, Jr. |

PLEASE TAKE NOTICE THAT the United States of America will bring a Motion to Transfer

Venue Pursuant to 28 U.S.C. §1402(a)(2) for hearing before the Honorable Morrison C. England, Jr.,

United States District Judge, in Courtroom 3, 15th Floor of the United States Courthouse located at 501

I Street, Sacramento, California, on January 25th, 2008, at 9:00 A.M., or soon thereafter.

//

//

1    Defendant, the United States of America, by its undersigned attorneys, hereby moves this Court,

2    pursuant to 28 U.S.C. § 1402(a)(2), to transfer this matter to the District Court for the Northern District

3    of California, Oakland Division.  A memorandum in support of the motion is filed herewith.

4

5                                                    McGREGOR W. SCOTT

6                                                    United States Attorney

7

    Dated:  December 21, 2007              /s/ Adair Boroughs

8                                                    ADAIR BOROUGHS

                                                    G. PATRICK JENNINGS

9                                                    Trial Attorneys, Tax Division

                                                    U.S. Department of Justice

10

                                                    Attorneys for the United States of America

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    McGREGOR W. SCOTT
     United States Attorney
2
     G. PATRICK JENNINGS
3    ADAIR F. BOROUGHS
     Trial Attorneys, Tax Division
4    U.S. Department of Justice
     P.O. Box 683, Ben Franklin Station
5    Washington, D.C.  20044-0683
     Telephone:    (202) 307-6648
6                  (202) 305-7546
     E-mail:    guy.p.jennings@usdoj.gov
7               adair.f.boroughs@usdoj.gov

8    THOMAS M. ROHALL
     Special Trial Counsel, Tax Division
9    U.S. Department of Justice
     4330 Watt Ave., Suite 470
10   Stop No. SA 2801
     Sacramento, CA 95821-7012
11   Tel No. (916) 974-5700
     Fax No. (916) 974-5732
12
     Attorneys for United States of America
13

14                    IN THE UNITED STATES DISTRICT COURT

15                   FOR THE EASTERN DISTRICT OF CALIFORNIA

16
     UNICO SERVICES INC.,              )    Civil No. 2:07-CV-01009-MCE-KJM
17                                     )
                  Plaintiff,           )
18                                     )    **DECLARATION OF ADAIR BOROUGHS**
            v.                         )    **IN SUPPORT OF THE UNITED STATES'**
19                                     )    **UNOPPOSED MOTION TO TRANSFER**
                                       )    **VENUE PURSUANT TO 28 U.S.C. §**
20   THE UNITED STATES OF AMERICA,     )    **1402(a)(2)**
                                       )
21                Defendant.           )
     _____ )
22

23   I, Adair F. Boroughs, pursuant to the provisions of 28 U.S.C. § 1746 declare that:

24          1.      I am an attorney with the United States Department of Justice, Tax Division located in

25   Washington, D.C.  I have been assigned to the above-captioned matter and am in possession of the

26   Department of Justice files and a portion of the Internal Revenue Service administrative files

27   concerning this matter.  I have reviewed the Department of Justice files and the Internal Revenue

28   Service administrative files in my possession in making the representations below.

            2.      Attached hereto as Exhibit A is a true and correct copy of the Report and

1  Recommendation Re Motion to Withdraw the Reference of Jurisdiction filed by United States

2  Bankruptcy Judge Leslie Tchaikovsky in Case No. 07-CV-074826-CW.

3         3.      Attached hereto as Exhibit B is a true and correct copy of the Order Withdrawing

4  Reference and Denying Without Prejudice Motion to Transfer Venue entered by the District Court for

5  the Northern District of California in Case No. 07-CV-04826-CW.

6         I declare under penalty of perjury that the foregoing is true and correct.

7

8

9  Dated:  December 21, 2007

10                                              /s/ Adair Boroughs
                                                ADAIR BOROUGHS
11                                              Trial Attorney, Tax Division
                                                U.S. Department of Justice
12
                                                Attorneys for the United States of America

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Entered on Docket
October 30, 2007

GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

**Signed: October 28, 2007**

_____

**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                    No. 06-42425 T
                                         Chapter 11
DEAN GORDON POTTER,

          Debtor.
_____/

**REPORT AND RECOMMENDATION RE MOTION TO**
**WITHDRAW THE REFERENCE OF JURISDICTION**
**(Case No. 4-07-CV-074826 CW)**

On September 7, 2007, the United States of America (the "IRS")
filed a motion (the "Motion"), asking the United States District
Court for the Northern District of California (the "Northern
California District Court"): (1) to withdraw the reference of
jurisdiction to the Bankruptcy Court with respect to certain tax
disputes between the IRS and the above-captioned debtor (the
"Debtor") pursuant to 11 U.S.C. § 157(d) and (2) to transfer the
disputes to the United States District for the Eastern District of
California (the "Eastern California District Court"). On October 2,
2007, the Northern California District Court referred the Motion to
the Bankruptcy Court (the "Bankruptcy Case Judge") for a

recommendation.  For the reasons stated below, the Bankruptcy Case Judge recommends that the Motion be granted.

## DISCUSSION

The Debtor is the president and majority shareholder of UNICO. Until 1998, the Debtor was also UNICO's key employee.  However, in 1998, the Debtor entered into an arrangement that resulted in his services being leased to UNICO by a third party entity.  The structure of the arrangement was such that, in theory at least, the Debtor received only a portion of the compensation paid by UNICO for the Debtor's services.

More precisely, the arrangement was as follows:  The Debtor entered into an employment agreement with an Irish corporation entitled Pixley which assigned its rights in the Debtor to IESI, a Barbadian entity.  The agreement gave the Debtor the right to certain fringe benefits, including a non-qualified deferred compensation plan upon retirement (the "Retirement Plan").  IESI then subleased the Debtor's services to ReleaseMe, a United States entity, which in turn assigned its right to the Debtor's services to Fair Skys, another United States entity.  Finally, Fair Skys leased the Debtor's services to UNICO.  UNICO paid Fair Skys for the Debtor's services. A portion of the compensation paid by UNICO for the Debtor's services were paid to the Debtor, which the Debtor reported as income and on which he paid federal income tax.  A portion of the balance was retained by ReleaseMe and Fair Skys as fees.  The balance was paid into the Retirement Plan.

2

The above-captioned chapter 11 bankruptcy case was filed on December 12, 2006.  On April 9, 2007, the Debtor filed an adversary proceeding against the Internal Revenue Service (the "IRS") in the United States Bankruptcy Court for the Northern District of California, A.P. No. 07-4066 AT (the "Bankruptcy Court Action"), seeking an income tax refund for the tax year ending December 31, 1998.  On May 29, 2007, an entity entitled UNICO Services, Inc. ("UNICO"), filed an action in the United States District Court for the Eastern District of California (the "District Court Action"), seeking a refund of employment taxes on the amount that UNICO paid for the Debtor's services.  The IRS filed a timely proof of claim on June 6, 2007.  The Debtor filed an objection to the IRS claim on June 28, 2007 (the "Objection to Claim").

The dispute presented by the Bankruptcy Court Action and objection to claim is whether the Debtor is obligated to pay income tax only on the portion of the compensation that he received directly from UNICO or also on the portion paid into the Retirement Plan.  The dispute presented in the District Court Action is whether UNICO is required to pay withholding taxes on the compensation paid for the Debtor's services even though UNICO has not been allowed to claim this compensation as a salary deduction.  The Debtor contends that the issues presented in the District Court Action are different from those presented in the Bankruptcy Court Action and Objection to Claim.  However, they all turn on whether, notwithstanding the leasing arrangement described above, the Debtor should still be characterized as an employee of UNICO.  Judicial economy would best

3

be served by having one court hear all matters.  Since the Debtor is not a party to the District Court Action, it is more appropriate for the matters to be consolidated in the district court than in the bankruptcy court.

Section 157(d) of Title 28 of the United States Code permits the District Court to withdraw the reference of bankruptcy jurisdiction, in whole or in part, with respect to any case or proceeding pending in the Bankruptcy Court, either on its own motion or on a timely motion of any party, for cause shown ("Permissive Withdrawal").  It requires the District Court to withdraw the reference, on timely motion of a party, if resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce ("Mandatory Withdrawal").  Because both Permissive and Mandatory Withdrawal require a motion by a party to be timely, the timeliness of the Motion is the first issue to be addressed.

**Timeliness of Motion to Withdraw**

The Debtor contends that the Motion is not timely because it was not filed until nine months after the bankruptcy petition was filed.  The Debtor cites cases in which courts have concluded that motions filed after similar periods of time were untimely.  See, e.g., Laine v. Gross, 128 B.R. 588, 589 (D.Me. 1991)(motion filed more than six months after complaint filed untimely); Hupp v. Educ. Credit Mgmt. Corp., 2007 WL 2703151, *4 (S.D. Cal. 2007)(motion filed more than fifteen months after complaint filed untimely); but see Burger King Corp. V. B-K of Kansas, Inc., 64 B.R. 728, 731 (D. Kan. 1986)(motion

4

granted although filed ten months after filing of counterclaim upon which motion to withdraw was based).

The IRS contends that the time should run not from date of the filing of the bankruptcy petition but from the date of the filing of the Objection to Claim.  The Motion was filed a little more than two months from this date.  Alternatively, the time might be considered to run from the date of filing the complaint in the Bankruptcy Court Action.  The Motion was filed approximately five months from this date.

The Bankruptcy Case Judge agrees with the IRS that the time elapsed should not be counted from the petition date.  The IRS is not moving to withdraw the reference of the bankruptcy case in its entirety nor would the Bankruptcy Case Judge recommend that the reference of the entire case be withdrawn.  A chapter 11 debtor has various procedural and substantive obligations which the Office of the United States Trustee (the "UST") and the court must monitor. It would not make sense to impose these burdens on a district court.

Thus, at most the time elapsed in filing the Motion is five months.  Although close to the six month delay found to be excessive in Laine, it is substantially less than the ten month delay found to be *just barely* acceptable in Burger King.  Moreover, case authority shows that timeliness is not to be viewed in a vacuum.

The reason for the requirement of a timely motion is presumably twofold: (1) to avoid disrupting an ongoing proceeding in which the judge has already become familiar with the issues with a resulting delay and duplication of effort; and (2) to prevent parties from

5

using such motions as a litigation strategy when they do not like how things are going in the original forum.  Neither reason would be served by denial of the Motion.  Nothing of a substantive nature has occurred in the bankruptcy court with respect to the Debtor's disputes with the IRS, either in connection with the Objection to Claim or the Bankruptcy Court Action.  In fact, the IRS has not even filed an answer to the complaint in the Bankruptcy Court Action.[1]  Thus, the Bankruptcy Case Judge recommends that the District Court find that the Motion is timely.

**Withdrawal of the Reference**

As noted above, withdrawal of the reference is mandatory if the disputes raise issues of both bankruptcy law and other federal law affecting interstate commerce.  Case law has interpreted this requirement as limited to substantial and material issues of other federal law.  Withdrawal is not mandatory if the nonbankruptcy issues are governed by well settled law.  See In re White Motor Corp., 42 B.R. 693, 705 (N.D. Ohio 1984); In re Columbia Gas Systems, Inc., 134 B.R. 808, 811 (D. Del. 1991).

The Debtor contends that the tax issue presented here is not substantial or material.[2]  The IRS disagrees.  The Bankruptcy Case Judge agrees with the IRS.  Clearly, the multi-tiered arrangement renders the disputes factually complex.  Moreover, the Debtor

---

[1] The parties stipulated that the IRS could delay filing an answer until August 23, 2007.  However, to date, for reasons that are not apparent, no answer has yet been filed.

[2] He does not appear to argue that the dispute does not require consideration of laws affecting interstate commerce.

6

contends that the arrangement was structured by competent tax lawyers. The Court assumes that, if the law governing such arrangements was well settled, a competent attorney would not have structured a transaction in this fashion. Whether an employee leasing arrangement whereby a portion of the compensation is paid into a non-qualified retirement plan constitutes legitimate tax planning or a sham transaction constituting tax evasion appears to be a novel issue. Clearly, the issue has ramifications beyond this bankruptcy case. It seems inappropriate for the issue to be addressed in the first instance by a bankruptcy court, particularly where the bankruptcy case appears to have been filed for forum shopping purposes.

Moreover, even if the nonbankruptcy federal issue were not deemed material and substantial, for the reasons stated above, permissive withdrawal appears appropriate. There is a danger of inconsistent determinations if two different courts decide whether the Debtor should be characterized as UNICO's employee despite the employee leasing arrangement. Judicial economy would also best be served by a single court addressing that issue. There is no prejudice to the bankruptcy case from withdrawal of the reference as there is no ongoing activity in the case of any substance other than the tax disputes and time does not appear to be of the essence in resolving the disputes.

**Transfer of the Proceedings to the Eastern District**

The Bankruptcy Case Judge also recommends transferring the Bankruptcy Court Action and the Objection to Claim to the Easter

7

District Court.   Judicial economy would best be served and inconsistent determinations avoided by consolidating the Eastern District Court Action with the Bankruptcy Court Action and Objection to Claim.   While consolidation could also occur in the Northern District Court, the Debtor chose the Eastern District Court as a forum on behalf of UNICO and the IRS has indicated that it has no objection to litigating all matters there.

**CONCLUSION**

The Bankruptcy Case Judge recommends that the Northern District Court:

1.  Find that the Motion is timely;

2.  Conclude that the Motion to withdraw the Objection to Claim and the Bankruptcy Court Action is either required or should be granted as a matter of discretion; and

3.  Grant the Motion to transfer the Objection to Claim and the Bankruptcy Court Action to the Eastern District Court and assigned to the same judge presiding over UNICO Services, Inc. v. United States; case no. 2:07-CV-01009-MCE-KJM.

END OF DOCUMENT

8

COURT SERVICE LIST

Hon. Claudia Wilkens
United States District Court
1301 Clay Street, Ste. 400S
Oakland, CA 94612-5212

Thomas Moore
Assistant United States Attorney
Chief, Tax Division
9th Floor Federal Building
450 Golden Gate Ave., Box 36055
San Francisco, CA 94102

Thomas M. Rohall
Special Assistant United States Attorney
4330 Watt Ave., Ste. 470
Stop No. SA 2801
Sacramento, CA 95821-7012

John Gigounas
Gerald A. Holmes
100 Pine St., Ste. 750
San Francisco, CA 94111

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C 07-4826 CW

(Bk. No. 06-42423 LT-11)

ORDER WITHDRAWING
REFERENCE AND DENYING
WITHOUT PREJUDICE MOTION
TO TRANSFER VENUE

In re:

DEAN GORDON POTTER,

     Debtor.

_____/

The United States, on behalf of its agency, the Internal
Revenue Service (IRS), moves for withdrawal of this Court's
reference, to the United States Bankruptcy Court for the Northern
District of California, of Adversary Proceeding No. 07-4066 AT (AP)
and Debtor's Objection to the IRS claim (Debtor's Objection to
Claim), two matters in the bankruptcy case entitled In re Dean
Gordon Potter, No. 06-42423 LT-11.  The Court has reviewed
Bankruptcy Judge Leslie Tchaikovsky's Report and Recommendation Re:
Motion to Withdraw the Reference of Jurisdiction, as well as
Debtor's objection to the report.  The Report describes the facts

and proceedings regarding the matters at issue.  The Court agrees with the Bankruptcy Judge's view that the United States' motion to withdraw the reference is timely.  The Court finds that permissive withdrawal of the reference is appropriate, so that the AP and Debtor's Objection to Claim can be decided in the same court that decides <u>Unico Services Inc. v. United States</u>, case no. 2:07-CV-01009-MCE-KJM (E.D. Cal.) which is currently pending in the Eastern District of California.  The motion to withdraw the reference is GRANTED.  The United States' motion to transfer the AP and the Objection to Claim to the district court for the Eastern District of California is DENIED WITHOUT PREJUDICE.

This Court does not wish to burden the Eastern District Court with a case which was first filed in this district, unless that court wishes to retain the case.  In his objection, Debtor argues that, if the AP and Debtor's Objection to Claim are to be consolidated with the UNICO suit pending in the Eastern District of California, the Eastern District case should be transferred here.  However, this Court lacks jurisdiction over the case that is pending in the Eastern District; therefore it has no authority to transfer it here.  The United States indicates that if this Court withdraws the reference but does not transfer the case to the Eastern District, it will move the Eastern District Court to transfer its case here.  The United States shall do so promptly.  Apparently, UNICO would not oppose such a motion.  If the case is transferred to this district, a notice of related cases should be filed and this Court will relate the cases.  If the Eastern District Court declines to transfer its case to this district, the

2

1  United States shall renew its motion to transfer the AP and

2  Debtor's Objection to Claim, and the Court will grant the transfer

3  to the Eastern District.

4

5       IT IS SO ORDERED.

6          12/18/07



7  Dated: _____      _____

8                                        CLAUDIA WILKEN
                                         UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DEAN GORDON POTTER et al,

        Plaintiff,

  v.

DEAN GORDON POTTER et al,

        Defendant.

_____/

Case Number: CV07-04826 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 18, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

U.S. Bankruptcy Manager
U.S. Bankruptcy Court
1300 Clay Street
Suite 300
Oakland,  CA 94612

Leslie Tchaikovsky
U.S. Bankruptcy Court Judge
U.S. Bankrupty Court
Northern District of California
1300 Clay St. #300
P.O. Box 2070
Oakland,  CA 94604

Minnie  Loo
US Dept of Justice, Office of US Trustee
1301 Clay Street
Suite 690N
Oakland,  CA 94612-5217

Dated: December 18, 2007

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk

McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
ADAIR F. BOROUGHS
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone:    (202) 307-6648
Facsimile:    (202) 307-0054
E-mail:        guy.p.jennings@usdoj.gov
              adair.f.boroughs@usdoj.gov

THOMAS M. ROHALL
Special Trial Counsel, Tax Division
U.S. Department of Justice
Telephone: (916) 974-5723

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICO SERVICES INC.<br><br>          Plaintiff,<br><br>     v.<br><br>THE UNITED STATES OF AMERICA,<br><br>          Defendant. | Civil No. 2:07-CV-01009-MCE-KJM<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that service of the following documents:

1.    **NOTICE OF APPEARANCE;**

2.    **UNITED STATES' NOTICE OF MOTION AND UNOPPOSED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1402(a)(2);**

3.    **UNITED STATES' MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1402(a)(2);**

4.    **DECLARATION OF ADAIR BOROUGHS IN SUPPORT OF THE UNITED STATES' UNOPPOSED MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1402(a)(2);** and

5.    **CERTIFICATE OF SERVICE** (copy)

1  has been made this 21st day of December, 2007, by sending copies thereof by Federal Express to:

2          JOHN GIGOUNAS
           Law Offices of John Gigounas
3          100 Pine Street, Suite 750
           San Francisco, CA 94111-5207
4
           Attorneys for Plaintiff Unico
5

6                              /s/ Adair Boroughs
                               ADAIR BOROUGHS
7                              Trial Attorney, Tax Division
                               U.S. Department of Justice
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    John Gigounas  SBN (42822)
     Gerald A. Holmes SBN (59515)
2    100 Pine Street, Suite 750
     San Francisco, CA 94111
3    Telephone: (415) 391-4900
     Facsimile: (415) 296-7894
4    john@gigounaslaw.com
5
     Attorneys for UNICO Services Inc.
6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   UNICO SERVICES INC.,                )   CIVIL NO. 2:07-CV-01009-MCE-KJM
                                         )
12        Plaintiff and Counterdefendant, )  **NOTICE OF NON-OPPOSITION**
                                         )
13              v.                        )
                                         )
14   UNITED STATES OF AMERICA,            )
                                         )
15        Defendant and Counterclaimant.  )
                                         )
16                                        )
                                         )
17   _____ )

18

19        Plaintiff and Counterdefendant, UNICO SERVICES INC., pursuant to Local Rule 78-

20   230(c) does not oppose the UNITED STATES' Motion to Transfer Venue to the Federal District

21   Court for the Northern District of California, Oakland Division.

22

23   Date:   December 21, 2007                 /s/ John Gigounas_____
                                               John Gigounas
24                                             Attorney for UNICO Services Inc.

25

26

27

28

                                          1
NOTICE OF NON-OPPOSITION

1   John Gigounas  SBN (42822)
    Gerald A. Holmes SBN (59515)
2   100 Pine Street, Suite 750
    San Francisco, CA 94111
3   Telephone: (415) 391-4900
    Facsimile: (415) 296-7894
4   holmesauthor@mindspring.com
5
    Attorneys for Debtor
6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNICO SERVICES INC.,                )    Case No.: 2:07-CV-01009-MCE-KJM
                                        )
12          Plaintiff and Counterdefendant,   )    **CERTIFICATE OF SERVICE**
                                        )
13                  v.                  )
                                        )
14  UNITED STATES OF AMERICA,           )
                                        )
15          Defendant and Counterclaimant.    )
                                        )
16                                      )
                                        )
17                                      )
    _____ )
18

19                  <u>**CERTIFICATE OF SERVICE**</u>

20          I, Katie Ramos, declare:

21          I am employed in the City and County of San Francisco, State of California.  I am over
    the age of eighteen and not a party to nor interested in the within action.  My business address is
22  100 Pine Street, Suite 750, San Francisco, California 94111.  On December 21, 2007, I served a
    true and correct copy of the within:
23

24  **NOTICE OF NON-OPPOSITION**

25  via U.S. Mail to the addressee as follows:

26

27

28

Law Offices of
Simpson & Gigounas
100 Pine Street #750
San Francisco, CA
94111
(415) 391-4900

CERTIFICATE OF SERVICE                                                          1

1

Office of Chief Counsel (SBSE)
Thomas M. Rohall, Esq.

2

4330 Watt Ave., Suite 470
Stop No. SA 2801

3

Sacramento, CA 95821-7012

4

5

G. Patrick Jennings, Esq.
Adair F. Boroughs, Esq.
Trial Attorney, Tax Division

6

U.S. Department of Justice
PO Box 683, Ben Franklin Station

7

Washington, D.C. 20044-0683

8

9

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

10

11

I declare under penalty of perjury under the laws of the State of California that the

12

foregoing is true and correct.

13

Executed at San Francisco, California, this 21st day of December 2007.

14

15

16

/s/ Katie L. Ramos
Katie L. Ramos

17

18

19

20

21

22

23

24

25

26

27

28

2

**NOTICE OF CHANGE OF STATUS CONFERENCE**

1  McGREGOR W. SCOTT
   United States Attorney
2
   G. PATRICK JENNINGS
3  ADAIR F. BOROUGHS
   Trial Attorneys, Tax Division
4  U.S. Department of Justice
   P.O. Box 683, Ben Franklin Station
5  Washington, D.C.  20044-0683
   Telephone:    (202) 307-6648
6                 (202) 305-7546
   E-mail:    guy.p.jennings@usdoj.gov
7              adair.f.boroughs@usdoj.gov

8  THOMAS M. ROHALL
   Special Trial Counsel, Tax Division
9  U.S. Department of Justice
   4330 Watt Ave., Suite 470
10 Stop No. SA 2801
   Sacramento, CA 95821-7012
11 Tel No. (916) 974-5700
   Fax No. (916) 974-5732
12
13 Attorneys for United States of America

14              IN THE UNITED STATES DISTRICT COURT

15           FOR THE EASTERN DISTRICT OF CALIFORNIA

16
   UNICO SERVICES INC.,                )   Civil No. 2:07-CV-01009-MCE-KJM
17                                      )
                  Plaintiff,            )
18                                      )   **UNITED STATES' NOTICE OF ERRATA**
                  v.                    )
19                                      )
                                        )
20 THE UNITED STATES OF AMERICA,        )
                                        )
21                Defendant.            )
   ─────────────────────────────────── )
22

23        PLEASE TAKE NOTICE that the Memorandum in Support of the United States' Unopposed

24 Motion to Transfer Venue Pursuant to 28 U.S.C. §1402(a)(2), filed by Defendant on December 21,

25 2007, is hereby being revised to correct typographical errors.

26        **The first paragraph, as originally filed, states**:

27        The United States of America, by and through its undersigned counsel, submits this

28        memorandum and the Declaration of Adair Boroughs in support of its motion to transfer this

          matter to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).

1

**The first paragraph, as corrected, should state**:

2

The United States of America, by and through its undersigned counsel, submits this

3

memorandum and the Declaration of Adair Boroughs in support of its motion to transfer this

4

matter to the Northern District of California pursuant to 28 U.S.C. § 1402(a)(2).

5

6

Submitted this 27th day of December, 2007.

7

8

9

McGREGOR W. SCOTT
United States Attorney

10

11

/s/ Adair Boroughs
ADAIR BOROUGHS
G. PATRICK JENNINGS
Trial Attorneys, Tax Division
U.S. Department of Justice

12

13

Attorneys for the United States of America

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McGREGOR W. SCOTT
United States Attorney

G. PATRICK JENNINGS
ADAIR F. BOROUGHS
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:     (202) 307-6648
Facsimile:      (202) 307-0054
E-mail:          guy.p.jennings@usdoj.gov
                    adair.f.boroughs@usdoj.gov

THOMAS M. ROHALL
Special Trial Counsel, Tax Division
U.S. Department of Justice
Telephone:  (916) 974-5723

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNICO SERVICES INC. | Civil No. 2:07-CV-01009-MCE-KJM |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

        IT IS HEREBY CERTIFIED that service of the following documents:

        A.        **UNITED STATES' NOTICE OF ERRATA** and

        B.        **CERTIFICATE OF SERVICE** (copy)

has been made this 27th day of December, 2007, by depositing true and correct copies thereof in the

United States mail, postage prepaid, addressed to:

//

//

1

JOHN GIGOUNAS
Law Offices of John Gigounas
100 Pine Street, Suite 750
San Francisco, CA 94111-5207

2

3

Attorneys for Plaintiff Unico

4

5

/s/ Adair Boroughs
ADAIR BOROUGHS
Trial Attorney, Tax Division
U.S. Department of Justice

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11  UNICO SERVICES INC.,
                                         No. 2:07-CV-1009-MCE-KJM
12          Plaintiff,

13      v.                               MEMORANDUM AND ORDER

14  THE UNITED STATES OF
    AMERICA,
15
            Defendant.
16

17                          ----oo0oo----

18

19      On May 29, 2007, Unico Services, Inc. filed the instant tax

20  refund suit for federal employment taxes, penalties and interest.

21  On November 16, 2007, the United States filed a Counterclaim for

22  unpaid federal employment taxes and statutory additions for other

23  time periods as well as to reduce to judgement corporate income

24  tax liabilities.

25      On December 12, 2006, Dean Gordon Potter filed a voluntary

26  Chapter 11 petition with the United States Bankruptcy Court,

27  Northern District of California.

28  ///

                                    1

At all relevant times, Potter was allegedly Unico's President, majority shareholder, and key employee. Per the Motion to Transfer, immediately before he implemented an Offshore Employment Leasing arrangement, ("OEL") Potter owned, directly or indirectly, 100 percent of Unico's stock.  The Motion to Transfer also alleges Potter is currently the sole shareholder of Unico.

On April 9, 2007, Potter filed an Adversary Complaint in a bankruptcy case against the United States seeking a refund of income taxes with respect to Potter's 1998 income tax year.  On or about June 28, 2007, Potter filed in his bankruptcy case an Objection to Claim of the Internal Revenue Service.  Collectively the Objection to Claim and the Adversary Complaint will be referred to as the "Potter Federal Tax Disputes."

On September 7, 2007, the United States filed with the Bankruptcy Court a Motion to Withdraw Reference and to Transfer Venue of the Potter Federal Tax Disputes to this Court.  The Motion ultimately sought to have the Potter Federal Tax Disputes tried in conjunction with the refund case pending before this Court.  The United States' Motion was referred to the District Court.  The District Court entered an order granting the United States' Motion to Withdraw the reference to the Potter Federal Tax Disputes but denying, without prejudice, the transfer of the Potter Federal Tax Disputes to this Court based on deference to the debtor's choice of forum.

The United States now seeks to transfer venue of this case to the Northern District of California.

///

///

2

1  Plaintiff has filed a Notice of Non-opposition to this Motion.[1]

2  Further, the Northern District Court recommended the United

3  States seek to have this case transferred.

4      In a civil action brought by a corporation against the United

5  States, venue is proper in the judicial district in which the

6  corporation's principal place of business is located.  28 U.S.C.

7  § 1402(a)(2).  Unico's principal place of business is in Benicia,

8  California, which is in the Eastern District.  Section 1402(a)(2)

9  also provides that "a district court, for the convenience of the

10  parties and witnesses, in the interest of justice, may transfer

11  any such action to any other district or division."

12      The Court finds that the interest of justice will be better

13  served if this case and the Potter Federal Tax Disputes are

14  resolved in one forum.  The Court finds this will eliminate the

15  danger of inconsistent rulings and serve the interests of judicial

16  economy.  In view of Unico's Notice of Non-opposition to this

17  Motion to Transfer, the Motion to Transfer is hereby GRANTED.

18      IT IS SO ORDERED.

19  Dated: January 30, 2008

20

21

22  MORRISON C. ENGLAND, JR.
    UNITED STATES DISTRICT JUDGE

23

24

25

26

27      [1] Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 78-230(h).

3

**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**

**OFFICE OF THE CLERK**
**501 "I" Street**
**Sacramento, CA 95814**

Northern District of California
450 Golden Gate Ave.
16th Floor
San Francisco, CA 94102

**RE:**        **UNICO SERVICES INC. vs.  UNITED STATES OF AMERICA**
**USDC No.:**    **2:07–CV–01009–MCE–KJM**

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated
January 31, 2008 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 31.**

Documents maintained electronically by the district court are accessible through
PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please acknowledge receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

**January 31, 2008**        /s/  **J. Anderson**
_____

Deputy Clerk

RECEIVED BY:    _____

Please Print Name

DATE RECEIVED:    _____

NEW CASE
NUMBER:    _____